### In re EVENING STANDARD PUB. CO.

(District Court, N. D. New York. October 29, 1908.)

BANKRUPTCY (§ 123*) — ELECTION OF TRUSTEE — VACATION—FAILURE TO NOTIFY CREDITOR.

Where the District Court, in sustaining a petition in involuntary bankruptcy and ordering an adjudication after a contest, expressly determined that one participating in the proceedings and claiming to be a creditor was entitled to file his proof of claim and to be treated as a creditor, unless his claim should be rejected after hearing in the regular way, he was en-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

titled to notice of the first meeting of creditors for the election of a trustee, although not scheduled as a creditor by the bankrupt, and to attend and file his claim and to participate in the meeting, unless duly verified objection was made to his claim by a creditor, in which case it was the duty of the referee either to adjourn the meeting until the matter could be tried, or in the exercise of a sound discretion to appoint a trustee; and where he was not notified of the meeting, and a trustee was elected and the election confirmed without his knowledge, and on his appearing and filing his claim at an adjourned meeting it was objected to by the trustee, and he was denied any participation in the meeting, the election will be vacated and a new meeting ordered, at which such claiming creditor may be given the same right to participate as others making similar claims.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 123.*]

In Bankruptcy. This is an appeal from and review of the action of the referee in confirming the selection, at the first meeting of creditors, of Charles W. Hill as trustee; also a motion to remove the trustee or set aside his appointment.

Frank H. Deal, for trustee.

J. A. Cipperly, for objecting creditor.

RAY, District Judge. On the question whether or not the above-named Evening Standard Publishing Company had committed an act of bankruptcy and was insolvent and should be adjudicated a bankrupt there was a contest before Edwin A. King, to whom the matter was referred as special master. He held and reported that the company was insolvent, that the act of bankruptcy charged had been committed, and that the petitioners were creditors. William J. Tyner was an alleged creditor, who as such interposed an answer in that matter and opposed adjudication. The special master held that Tyner was not a creditor of the Evening Standard Publishing Company and that he had no standing as a creditor to oppose the adjudication.

On review and motion to confirm this court held that the proceeding for adjudication was properly instituted, that the act of bankruptcy had been committed as alleged, and affirmed and approved the action of the special master in those regards, and ordered an adjudication accordingly. This court, however, expressly disapproved the finding that William J. Tyner was not a creditor of the alleged bankrupt, Evening Standard Publishing Company, and refused to confirm in that regard, and held that in the further proceedings in the case William J. Tyner should be regarded and treated as a creditor until it should be determined that he was not; that he should be allowed to prove and present his claim for allowance, and, if objected to, have it tried out before the referee, to whom the matter should be referred on the merits. Referee King was the special master above named. On adjudication pursuant to the order of this court being made, the matter was duly referred to Referee King. The attorney for the moving parties had a copy of the opinion of this court. It must be presumed that Special Master (and hence Referee) King had notice of the decision of this court.

Thereupon a first meeting of creditors was called, at which a trustee was to be elected. The decision and order of this court as to the

status and rights of William J. Tyner were disregarded, no attention was paid thereto, and Tyner was ignored and not notified of the first meeting of creditors, which was held September 26, 1908, and, having no knowledge of it, did not attend or present his claim to the referee for allowance or have any part in the proceedings.   Thereupon, at that meeting, Charles W. Hill, a most estimable man, was appointed trustee by the creditors there represented, and this appointment was confirmed by the referee.   Hill qualified the same day and was authorized to sell the assets of the bankrupt October 6, 1908, and the first meeting of creditors was adjourned to October 7, 1908.   On October 5, 1908, Tyner, having heard of the proposed sale and adjourned meeting, filed with the referee a claim as creditor for $4,-716.26 and a petition setting forth that he had no notice of the first meeting of creditors, praying that the proof and allowance of the claim of one William Connors for $14,401.84, much more than a majority in amount of all the claims proved and allowed, be expurged, denying its validity, and also praying that the proposed sale be post-poned, etc.   His requests were all denied.   On the 7th Tyner appeared at the adjourned meeting, but the sale was confirmed.   Tyner's claim was objected to by the trustee, of course, and thus he was eliminated from any real participation in the matter.   The assumption of the referee and attorneys for the trustee and others, in not notifying Tyner of the first meeting, was that, as he was not scheduled by the bankrupt corporation as a creditor, he was not entitled to notice; but they had notice that he claimed to be a creditor, and that the court had decided that, until his claim was presented in the regular way and offered for allowance and disallowed, he was to be treated as a creditor or alleged creditor.   He was entitled to notice of the first meeting of creditors, and entitled to attend and file his claim.   If his claim was not then objected to by a creditor and valid on its face, he was entitled to have it allowed, and then to take part in the selection of a trustee.   If objected to by creditors, and such objections were verified, then it was the duty of the referee either to adjourn the meeting and try out the merits of the claim, or, if that would unduly postpone the election of a trustee, to proceed on the votes of those whose claims were allowed.   Tyner had the right at the first meeting as an alleged creditor to file verified objections to the claims of other alleged creditors.   The whole tenor of the argument of counsel for the trustee is that, if Tyner had been notified and allowed to come in at the first meeting, he would have unduly postponed the election of a trustee and the administration of the estate; but such was not the necessary consequence.   Whether the referee will or will not postpone the election of a trustee, where claims are objected to, is a matter of sound discretion.   If such a number of claims are duly objected to that an election by a majority in number and amount cannot be had, then, if circumstances demand, he may and should himself appoint.   All this is settled by the weight of well-considered authorities.

Claims should not be voted where duly verified legal objections are filed thereto.   Of course, the referee may proceed to take proof, and, if the objecting party cannot produce sufficient evidence to sustain them, he will allow the claim.   If the objecting party shows legal cause

for delay for the purpose of producing evidence not at hand, the referee may in some cases allow the claim for voting purposes; but a better practice is to proceed to an election on the allowed claims, if the condition of the estate demands prompt action. If so many verified objections, apparently valid, are filed that an election by creditors is impossible, let the referee appoint. This court will not assume that Tyner's claim would or would not have been objected to. It will not assume he could not then and there have sustained it by ample proof. It will not assume that Tyner's presence and statements would not have changed the attitude of the creditors present and voting. He had the right to be notified, so as to attend and be heard. What is certain is that this court had decided that Tyner should be treated as a person claiming to be a creditor, with a right to present his claim at the first meeting of creditors, and, as an alleged creditor, be allowed to participate in the proceedings as such, and to the extent such a creditor is allowed recognition. The order of the court was disregarded, and Tyner's rights to some extent prejudiced. That he may have his day in court, a fair hearing, and a proper notice, there will be an order vacating and setting aside the proceedings had at the first meeting of creditors and declaring that meeting void, setting aside and vacating the alleged election of a trustee and the order appointing him or confirming his election or appointment, and also directing that the referee call a meeting, giving due notice to all alleged creditors, including Tyner, for the purpose of electing a trustee and transacting such business as may be legally done at such a meeting. The sale made by the trustee may stand, and the proceeds be paid into court. If made to appear hereafter that the sale was for an inadequate consideration, it may be set aside, and a new sale ordered.

It is perhaps unnecessary to add that what has been said is in no way a reflection upon the good faith of the referee and attorney for the moving parties, as they proceeded on the theory that, even in such a case as this, only scheduled creditors are entitled to notice.