### In re L. W. DAY & CO.

(District Court, S. D. New York. November 22, 1909.)

BANKRUPTCY (§ 123*)—ELECTION OF TRUSTEE—CREDITORS ENTITLED TO VOTE.
An officer or director of a bankrupt corporation, although a creditor, has no right to vote at the election of a trustee, nor to control the votes of other creditors, and such votes should be excluded.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 123.*]

In the matter of L. W. Day & Company, a corporation, bankrupt. On petition to review action of referee appointing trustee. Order set aside.

Engel Bros., for creditors.

---

HAND, District Judge. So far as a motion to remove is concerned, I find no ground for it, and dismiss it.

So far as the petition of review is concerned, the record itself, from which the minutes are lacking, gives no ground for a review of the referee's order; but, in view of the argument which took place before me at the hearing and the concessions there made upon the facts, I shall treat the petition as though it had been shown at the election that Wodiska was a director of the company and a brother-in-law of the president, and that his subdivision of the claims, although bona fide, was with the aim of controlling the appointment of a trustee.

With this admitted the case comes within In re McGill, 106 Fed. 57, 45 C. C. A. 218, and all those votes should not have been counted; that is to say, neither the votes arising from Wodiska's notes, nor his own claim, nor Mann's should be counted. If the referee had known these facts, he would doubtless have thrown out the votes, and declared elected the rival candidate. This application is really to review for newly discovered evidence. The situation, therefore, is that, not only has there never been an election in fact, but the creditors have never had a fair opportunity for an election, by which I mean an opportunity without the interference of the bankrupt's officers. This they should have.

I believe I might throw out the votes illegally cast, and now declare the other candidate elected; but that course does not seem to be as satisfactory to either faction as a new election, and in any event I prefer to have the creditors declare their choice anew, now that the air has been more cleared. Surely, if there is any doubt as to whether the opposing candidate would be again elected, the whole matter should go to those interested for a declaration of their choice at the present time.

Therefore let an order pass, declaring the failure to elect a trustee to have been caused by the interference of the bankrupt's officers, and the consequent appointment by the referee irregular, ordering a new election in which no claim shall be voted, which is held now, or has been held since, the petition was filed, by any officer of the bankrupt, or by Wodiska.