LOUISVILLE & N. R. CO. v. BREWTON. (Circuit Court of Appeals, Fifth Circuit, January 25, 1910.) No. 1,976. In Error to the Circuit Court of the United States for the Northern District of Florida. F. B. Carter and Wm. A. Blount, for plaintiff in error. C. M. Jones and S. Pasco, Jr., for defendant in error. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. In our opinion the evidence of contributory negligence on the part of the defendant in error's intestate is not sufficient for the court to find as a matter of law, or for the jury to find as a matter of fact, that the said intestate was guilty of contributory negligence. The judgment of the Circuit Court is affirmed.

---

In re L. W. DAY & CO. (Circuit Court of Appeals, Second Circuit. January 24, 1910.) No. 232. Petition to Review Order of the District Court of the United States for the Southern District of New York. On motion to amend printed record. Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. The respondent may print, as an appendix to his brief, the certificate of Judge Hand as to concessions made on argument before him, together with the moving and opposing petitions, notices, or affidavits on which he made such certificate. All questions as to what consideration shall be given thereto and as to who shall pay the cost of printing the same will be decided when the petition to revise is considered. See, also, (D. C.) 174 Fed. 164.

---

UNITED STATES v. KNOWLTON DANDERINE CO. (Circuit Court of Appeals, Fourth Circuit. February 1, 1910.) No. 916. Appeal from the District Court of the United States for the Northern District of West Virginia, at Philippi. Reese Blizzard, U. S. Atty., E. M. Showalter, Asst. U. S. Atty., for the United States. Henry M. Russell, Henry M. Campbell, and Charles M. Woodruff, for appellee. Before GOFF and PRITCHARD, Circuit Judges, and CONNOR, District Judge.

GOFF, Circuit Judge. The opinion of the court below, which contains a full statement of the facts, is found in 170 Fed. 449. Appellant assigns as error, in substance, that the court below erred in holding that the 65 casks of liquid extracts were not prepared, used, or shipped in any manner contrary to the laws of the United States, and that the United States had no right through its officers to seize the said casks or any of them. Under the facts disclosed by the record, we conclude that the court below properly found that, even if there was probable cause for making the seizure and filing the libel, the evidence made it plainly appear that the appellee shipped the said casks as its own product, made by its own agent, from the laboratory of said agent at Detroit, Mich., to the warehouse of the appellee at Wheeling, W. Va.; that said casks of extracts were not intended for sale as shipped, but were to be, at the warehouse mentioned, bottled and labeled as the law requires before being offered for sale. No attempt to evade the law, either directly, indirectly or by subterfuge, has been shown; it appearing that the manufacturer had simply transferred from one point to another the product he was manufacturing, for the purpose of completing the preparation of the same for the market. Under the circumstances disclosed in this case, having in mind the object of the Congress in enacting the law involved, we do not think the liquid extracts proceeded against should be forfeited. Reaching this conclusion, we do not find it necessary to consider other questions discussed by counsel, and referred to in the opinion of the court below. We find no error. Affirmed.