In re L. W. DAY & CO.

(Circuit Court of Appeals, Second Circuit. March 7, 1910.)

No. 232.

1. BANKRUPTCY (§ 123*)—ELECTION OF MASTER—CREDITORS ENTITLED TO VOTE.

The fact that a creditor of a bankrupt corporation is an officer of such corporation or its attorney does not deprive him of the right to vote on the election of a trustee on his own allowed claim, given him by Bankr. Act July 1, 1898, c. 541, § 56, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3442).

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 123.*]

2. BANKRUPTCY (§ 123*)—ELECTION OF TRUSTEE—RIGHT TO VOTE ON PROXIES—PROXIES IMPROPERLY OBTAINED.

Where an indorser of notes of a bankrupt corporation paid such notes before maturity, but after the bankruptcy, and caused each to be transferred to a separate person without consideration, and such person to execute a proxy to his own attorney to vote at the election of trustee, such votes should have been excluded, on the ground that the proxies were improperly obtained for the purpose of influencing the election; and it was within the discretion of the District Court to set aside an election brought about by their reception.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 173; Dec. Dig. § 123.*]

Petition to Review Order of the District Court of the United States for the Southern District of New York.

In the matter of L. W. Day & Co., a corporation, bankrupt. On petition to revise an order of the District Court (174 Fed. 164). Affirmed.

See, also, 175 Fed. 1022.

This cause comes here on petition to revise an order of the District Judge, vacating an order of the referee appointing a trustee in bankruptcy, and directing that at the new election of trustee no claim shall be voted "which is held now or has been held since the petition was filed by any officer of the bankrupt, or by Julius Wodiska, or the attorney for the bankrupt." The opinion of the District Judge is found in 174 Fed. 164. It refers to certain concessions made on the hearing before him. He has certified to this court that the following were such concessions.

"Wodiska was the father-in-law of President Dillihof, and was a director of the company. He had indorsed nine notes of the corporation, which were held by Arnstein Bros. up to two days before the day of election of the trustee. On that day Wodiska paid the notes not yet due in full, as indorser, and took them up. He then caused each of these notes to be transferred to a separate person. No consideration was paid, but there was no evidence that Wodiska retained any beneficial interest in the notes. The holders of these notes gave to Wodiska's attorneys proxies to vote at the election of the trustee, and those attorneys did in fact vote upon them."

Counsel for the petitioner contends that the District Judge misunderstood

him as conceding that Wodiska was a director; but, if he were not, it makes no difference in the result. All the other concessions are not disputed here.

Engel Bros. (J. B. Engel, of counsel), for petitioner.

H. A. Oppenheimer, for respondent.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. Besides the notes which he transferred, Wodiska had a claim against the bankrupt which was duly filed and allowed; so had one Mann, who, it is alleged, was an officer of the company; and so had the attorney.

We think the order of the District Judge vacating the appointment of a trustee by the referee was one which it was entirely within his discretion to make. As to so much of the order, however, as forbids an officer of the corporation, or its attorney, or Wodiska, from themselves voting on any allowed claims of their own, we are not inclined to assent to the proposition that they may thus summarily be deprived of the right to vote secured to them by section 56 of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3442]). No question of irregular or improper proxy is presented, as in the case relied on. Re McGill, 106 Fed. 57, 45 C. C. A. 218. But it seems unnecessary to revise the order. A new election has been had, and their three votes on their own claims would not have affected the result. We are satisfied from the record that the claims which Wodiska turned over, without consideration therefor, to persons from whom he obtained proxies to vote for trustee, should have been excluded from voting, and concur with the District Judge in his disposition of them.

The order is affirmed.