### In re STRADLEY & CO.

(District Court, N. D. Alabama, E. D.   May 6, 1911.)

1. BANKRUPTCY (§ 123*)—TRUSTEE—ELECTION—RIGHT TO VOTE—DIRECTOR OF BANKRUPT CORPORATION.

Where a creditor of a bankrupt corporation had a bona fide claim against it. and there was no evidence of collusion or improper influence, the fact that a creditor was also a director and stockholder of the bankrupt corporation did not disqualify him to vote for a trustee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 123.*]

2. BANKRUPTCY (§ 123*)—CLAIMS—VERIFICATION—AMENDMENT.

An objection that the claim of a creditor was defective, in that it was verified by his attorney without any statement of a reason therefor, while

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

good if interposed at the creditors' meeting, before vote taken for trustee, when, in the discretion of the referee, it may be amended in time to permit the creditor to vote, was unsustainable, when not interposed until after the appointment and qualification of the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 123.*]

In the matter of bankruptcy proceedings of Stradley & Co. On petition of Goodall, Brown & Co. to review a referee's order appointing a trustee. Appointment confirmed, and petition dismissed.

Lapsley & Arnold, for petitioners.
Knox, Acker, Dixon & Sterne, for respondent.

GRUBB, District Judge. This matter is heard upon a petition to review the action of the referee in appointing a trustee. At the creditors' meeting a majority in number of claims voted with the petitioners, and, eliminating the claim of J. W. Fore, a majority in amount so voted. Counting the claim of J. W. Fore, a majority in amount voted for the candidate who received the appointment from the referee, after the failure of the creditors to elect. The point of contestation, consequently, is the propriety of the referee's action in permitting the claim of J. W. Fore to be voted.

[1] At the creditors' meeting the sole objection to this claim was that the claimant was a director and stockholder in the bankrupt corporation. This was conceded to be a fact. The authorities, however, hold that such a claimant is not disqualified. In re Syracuse Paper Co. (D. C.) 164 Fed. 275; In re L. W. Day & Co., 178 Fed. 545, 101 C. C. A. 461. When there is reason to apprehend collusion or improper influence as the result of such action, the referee may refuse a vote to such a claimant. In re McGill, 106 Fed. 57, 45 C. C. A. 218. In this case there is no charge of collusion, the claim of Fore is a bona fide claim, and the trustee appointed is conceded to be a fit person. The action of the referee was therefore correct.

The evil of permitting the action of a majority in number of creditors to be controlled by the vote of an officer or stockholder of the bankrupt corporation having a large claim can be corrected by the discretion vested in the referee in cases of collusion, improper influence, or unfit candidate.

[2] After the appointment of the trustee and his qualification, petitioners for the first time objected to the claim of J. W. Fore because verified by his attorney and containing no statement of a reason therefor. This would have been a valid objection, if interposed at the creditors' meeting. It would then have been in the power and discretion of the referee to have permitted an amendment in this respect in time to allow it to be voted. No objection was interposed until after the appointment and qualification of the trustee, when it was too late for the claim to be so amended and voted. Collier on Bankruptcy (4th Ed.) p. 311; Remington on Bankruptcy, p. 366; In re Richards (D. C.) 94 Fed. 633; In re Stevens (D. C.) 107 Fed. 243.

The appointment of the trustee is confirmed, and the petition for review dismissed, at the costs of the petitioners.