### In re DR. VOORHEES AWNING HOOD CO.

(Circuit Court of Appeals. Third Circuit. May 31, 1911.)

#### No. 35.

BANKRUPTCY (§ 342½*)—CLAIMS—REVIEW—EVIDENCE.

On a referee's certificate to review the partial allowance of a claim against a bankrupt, it was error for the court to increase the allowance for alleged "damages for breach of a patent license agreement, $1,000," where there was no evidence in the case that damages in any amount had been proved by breach of such agreement.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 342½.*]

Petition for Revision and Appeal from the District Court of the United States for the Middle District of Pennsylvania.

In the matter of the bankruptcy proceedings of the Dr. Voorhees

Awning Hood Co. On petition to revise an order increasing the amount allowed on a claim presented by Samuel H. Voorhees (187 Fed. 611). Reversed.

Watson, Diehl & Watson, for trustee.

Before BUFFINGTON and LANNING, Circuit Judges, and Mc-PHERSON, District Judge.

BUFFINGTON, Circuit Judge. In the course of the proceedings in bankruptcy of the Dr. Voorhees Awning Hood Company, a claim against the bankrupt estate for $14,687.84 was presented by Samuel H. Voorhees. After hearing, the referee allowed the claim to the extent of $625.83. The court below, on the matter being certified at the request of the claimant, entered a decree that in addition to $625.58, allowed by the referee, and two items aggregating $85, to all of which no objections are here made, a further allowance be made, viz.: "Damages for breach of license agreement, $1,000." To review the court's action in allowing this $1,000, the present petition to review and appeal are brought, and the assignment of error is that:

"In the findings of fact made by the referee, there is no finding, nor is there any evidence in the case that damages in any amount have been proved, and there is no finding of fact, nor is there any evidence in the case, upon which the order of the court allowing damages in the sum of $1,000 is based."

We have carefully examined the testimony before the referee, and we find no testimony whatever bearing on the question of damages and on which this allowance of damages could have been supported. We have not had the benefit of a brief or argument on behalf of the claimant, and it is possible that the court below was led, by the then attitude of counsel, to allow such sum, feeling it would end the controversy; but, whatever may have been the inducing cause, it is clear to us that there was no proof to support the allowance of the $1,000 in question. This underlying fact determines the case and renders it needless on our part to discuss the question whether the bankruptcy of the company did not terminate the patent license and whether, in any event, the patentee, by resuming control of the patent and working thereunder, had not precluded himself from claiming for the use of a monopoly he was himself enjoying.

The decree below must therefore be reversed at the appellee's cost, and the case remitted to the court below, with instructions to enter a decree in favor of the claimant for $710.58.