## In re GOLDSTEIN.

### (District Court, D. Massachusetts. June 19, 1912.)

### No. 18,203.

1. BANKRUPTCY (§ 341*)—CLAIMS—ALLOWANCE IN PART—AMENDMENT.

Bankr. Act, July 1, 1898, c. 541, § 57, cls. "d," "f," 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443), providing for the hearing and determination of objections to claims before allowance, and clauses "k," and "l," authorizing reallowance or rejection in whole or in part of a claim reconsidered after allowance, does not preclude the referee from allowing a claim in part only without its being amended and resworn.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 528; Dec. Dig. § 341.*]

2. BANKRUPTCY (§ 127*)—ELECTION OF TRUSTEE—CREDITORS' MEETING—ADJOURNMENT.

A vote for trustee at a creditors' meeting having resulted in no election, and the supporters of both candidates having informed the referee that an agreement was hopeless, the referee properly denied an application for an adjournment of two weeks, and proceeded to the appointment of a trustee on his own motion.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 183; Dec. Dig. § 127.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Simon Goldstein, bankrupt. On petition for review of referee's orders allowing claim of the Salem Safe Deposit & Trust Company in the sum of $1,700, permitting it to vote on the claim as allowed, and refusing to adjourn the creditors' meeting on failure to choose a trustee. Affirmed.

Joseph B. Jacobs, of Boston, Mass., and Daniel C. Manning, of Salem, Mass., for creditors.

DODGE, District Judge. The Trust Company presented for allowance at the first meeting a proof of claim, which set forth indebtedness by the bankrupt to it of $2,000 in all, on six different promissory notes, which it had discounted. The six notes ought all to have been filed with the proof, in order to comply with section 57b of the Bankruptcy Act. Five of the notes only were so filed; of the sixth, the amount claimed on which was $300, only a copy was filed. The referee allowed the claim in the amount of $1,700, the total amount claimed on the other five notes, and permitted the Trust Company to vote on the claim as thus allowed. The first question certified is: Did he err in so doing?

[1] The petitioner for review contends that the referee ought to have disallowed the proof altogether, but that, instead of doing so, he "amended it of his own volition, and reduced it to the amount of $1,700," and that he had no right to allow it for $1,700 without requiring it to be resworn.

If this contention is sound, a proof of claim must be regarded as an entirety, which the court must either accept in full or reject altogether. I find nothing in the act which requires me so to regard it. There are express provisions in section 57, cls. "k" and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"1," for the reallowance or rejection "in whole or in part" of a claim reconsidered after allowance. But it is not only upon reconsideration that objections to a claim, either by parties in interest or by the court of its own motion, may be dealt with. Clauses "d" and, "f" of section 57 provide for the hearing and determination of such objections before allowance, and I am unable to believe it a necessary result of clauses "k" and "1" that the original allowance of a claim can only be for its full amount, and may not be for a part of that amount. To say that this is what the act requires, and that a claim, of which a part, but not the whole, is sustained by the proof, must be amended and resworn before it can be allowed at all, would be, in my opinion, a departure, unwarranted by anything in the act, from the recognized principle that the practice regarding proof of claims is to be liberal and free from technicalities. See Streeter v. Lowe, 184 Fed. 263, 265, 106 C. C. A. 405, although it is true that the controversy there dealt with arose upon reconsideration. More especially does it seem unreasonable to hold, in a case like the present, where distinct debts or demands are included in one claim, that none of them can be allowed, unless all are allowed. I find no reason to suppose that the creditor might not have presented separate proofs upon his separate claims, or that a proof of one is to be regarded as a waiver of all the others. See Remington, Bankruptcy, § 615. Reported cases, in which claims have been allowed in amounts less than set forth in the proof, are not wanting. Two recent instances are In re Dr. Voorhees, etc., Co. (D. C.) 187 Fed. 611, and 188 Fed. 425, 110 C. C. A. 215, and In re Greenfield (D. C.) 193 Fed. 98. I must hold that the referee's allowance of this claim for $1,700 was not erroneous.

[2] The creditors' vote, taken after allowance of the claim as above, showed no choice of trustee. One candidate had a majority in number; the other, a majority in amount. The petitioner for review thereupon asked an adjournment to the next regular court day, two weeks distant. The request was refused by the referee, on the ground, as he reports, "of expense to the estate, and that, if a new vote was taken, it would result then in a disagreement." The supporters of both candidates had informed him, as he also states, that an agreement was hopeless. It would seem, although his report does not expressly so state, that he thereupon appointed a trustee under the last clause of section 44. The remaining question certified is: Did he err in refusing to adjourn the meeting for the purpose of allowing the creditors to vote again?

No unanimous request was made for an adjournment. There is nothing to show that reasonable opportunity for choice by the creditors at the regular time had not been afforded, or that the refusal to adjourn can be regarded as having abridged the creditors' right to such reasonable opportunity. If all the claims proved had been objected to and continued for consideration, the referee might lawfully have proceeded to appoint a trustee himself, as Judge Lowell held in this court, in In re Cohen (D. C.) 131 Fed. 391. I must hold that there was no error in his refusal to adjourn the meeting.

The referee's orders are therefore approved and affirmed.