### In re KNOX et al.

### In re CHARLES McDONALD MARBLE CO.

(Circuit Court of Appeals, Sixth Circuit. March 12, 1915.)

No. 2727.

1. BANKRUPTCY ⬅127 — TRUSTEE — APPOINTMENT BY REFEREE OR COURT — "COURT."

Within Bankr. Act July 1, 1898, c. 541, § 2 (17), 30 Stat. 545 (Comp. St. 1913, § 9586), authorizing courts of bankruptcy to appoint trustees pursuant to the recommendation of creditors, or when they neglect to recommend the appointment of trustees, and section 44 (section 9628), providing that the creditors, at their first meeting after the adjudication, shall appoint a trustee, and that, if they do not appoint a trustee, the court shall do so, the referee is included in the term "court."

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 183; Dec. Dig. ⬅127.

For other definitions, see Words and Phrases, First and Second Series, Court.]

2. BANKRUPTCY ⬅125—TRUSTEE—ELECTION BY CREDITORS—POSTPONEMENT OF ELECTION.

At the first meeting of the creditors of a bankrupt objections were filed to a majority in amount of the claims. Thirteen creditors, representing claims constituting a majority in amount if the disputed claims were excluded, but a minority if such claims were included, voted for

---
⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

one person as trustee, and eight creditors, including those whose claims were disputed, for another person. *Held*, that the referee had authority to postpone the meeting until the objections to such claims could be heard and decided, and where he did adjourn the meeting, and from time to time heard evidence as to such claims, the election proceeding at such meeting should be treated as tentative.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 170, 180, 181, 183, 184; Dec. Dig. ☜125.]

3. BANKRUPTCY ☜127—TRUSTEE—APPOINTMENT BY REFEREE OR COURT.

Under Bankr. Act, §§ 2 (17), 44, where the referee postponed the election of a trustee in bankruptcy because objections were filed to a majority in amount of the claims, and after a delay of six weeks, during which considerable evidence as to such claims had been heard, it appeared that considerable further evidence would be presented, that it was essential for the best interests of all creditors that a trustee be appointed to take charge of and administer the estate and collect various claims, that a delay would jeopardize the best interest of the creditors, that the parties had been unable to agree upon the appointment of a trustee though requested, and that the referee deemed such appointment absolutely necessary for the interests of all creditors, he had ample power to appoint a disinterested person as trustee, and did not abuse his discretion in doing so.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 183; Dec. Dig. ☜127.]

Petition for Revision of Order of the District Court of the United States for the Southern District of Ohio; John E. Sater and Howard C. Hollister, Judges.

In the matter of the Charles McDonald Marble Company, bankrupt. On petition by John H. Knox and others to revise an order affirming the referee's appointment of a trustee. Affirmed.

Everett Moses, of Knoxville, Tenn., for petitioner.

S. D. Rouse, of Covington, Ky., for respondent.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. Proceedings under section 24b of the Bankruptcy Act (Comp. St. 1913, § 9608), to revise an order of the District Court affirming the referee's appointment of a trustee in bankruptcy.

The first meeting of creditors following the adjudication of bankruptcy was held October 8, 1914, a receiver having been previously appointed. At this meeting 21 (perhaps 22) claims were "presented for proof and allowance." Written objections against 2 of the claims were filed, on the ground that the claimants were not creditors, but were preferred stockholders. Written objections were also filed (and afterwards insisted upon) against 2 other claims, including that of the First National Bank of Covington and Mr. Jones. For the purposes of this opinion, we disregard objections not in writing, as well as those not insisted upon.

The referee regarded it impracticable to hear at that sitting all of the evidence on the objections to claims, and directed that an election be had. Thirteen creditors, representing in the aggregate nearly $13,-000 (including the two alleged preferred stockholders), voted for Mr. Lehman as trustee; eight creditors (including the bank and Mr. Jones),

whose claims aggregated upwards of $48,000, voted for Mr. Simpson—the bank's claim being upwards of $41,000. The referee declared that no election was had, because no candidate had received the votes of a majority both in interest and amount; and counsel representing the objections against the claims of the bank and Jones asking to present evidence thereon, with a view to the entire rejection of those claims, the referee fixed a time for hearing evidence and adjourned over until another day, when the hearing of testimony was begun. The hearing was continued from time to time until November 21st, when the referee appointed Mr. Mack as trustee; this appointment being the subject of this review.

The referee's certificate to the District Court shows, in substance, the facts already stated, as also that "very much evidence" was heard and "very much time" consumed thereby, and that it was apparent to the referee that the objectors would present considerable further evidence; that the claimants must be allowed to present their side, possibly involving rebutting evidence; that it appeared to him that it was "essential and for the best interests of all the creditors" that a trustee be appointed to take charge of and administer the estate "and prosecute the collection of the various claims due to the bankrupt"; that delay in the hearing of objections to claims and the continued taking of testimony thereon would jeopardize the best interests of the creditors; that the parties had been unable to agree upon the appointment of a trustee, although so requested by the referee on a number of occasions; and, indeed, that the referee deemed such appointment "absolutely necessary for the interests of all the creditors of" the estate.

[1-3] The only practical question is whether it was competent for the referee, in the circumstances stated, to make this appointment. By section 2, subd. 17, of the Bankruptcy Act referees are authorized to appoint trustees "pursuant to the recommendation of creditors, or when they neglect to recommend the appointment of trustees." By section 44 creditors are given the right, at the first meeting after the adjudication, to appoint a trustee or trustees, with the proviso that, "if the creditors do not appoint, * * * the court shall do so." Obviously, the referee is included in the term "court." We think the circumstances called for the exercise by the referee of a sound discretion in determining his action. Objections having been made to claims representing a majority of creditors in amount, the referee clearly had authority to postpone the meeting until the objections could be heard and decided. In re McGill (C. C. A. 6) 106 Fed. 57, 65, 45 C. C. A. 218. The petitioner, therefore, cannot insist that Mr. Lehman was elected on October 8th. On the other hand, we may put out of the case the suggestion that the referee had the right to make an appointment upon that date upon the sole theory that the creditors had failed to elect because no candidate had received the votes of a majority in number and amount. See Loveland on Bankruptcy (4th Ed.) p. 588, and note 10. The claims of Mr. Jones and the bank had not been allowed, and without them Mr. Simpson had no majority in amount, and only allowed claims could be voted. In view of the history of the case, we need not decide whether the referee had power to allow those claims "provision-

ally" for voting purposes—a power not formally assumed by the referee, but only by implication, at the most. We think the election proceeding of October 8th, in view of what occurred later, should be treated as tentative; and the objection that the president of the bank could not vote its claim without express power of attorney becomes at least immaterial.

Accepting, as we must, the referee's recital of existing conditions, the situation on November 21st was urgent. The objections to claims had already caused six weeks delay, and the end was not in sight. The circumstances demanded an immediate selection of a trustee. The referee was put to a choice of three courses: (1) To continue the existing condition indefinitely, to the detriment of the estate; or (2) to have an election at which the majority of creditors in amount would be disfranchised; or (3) to make an appointment himself. Presumably the testimony this far taken did not make likely the ultimate rejection of this majority in amount of claims, and, if such was the situation, the referee was not bound by any hard and fast rule to disfranchise this majority. Although the creditors are, by the Bankruptcy Act, given control of the election under normal circumstances, and such control should not lightly be disturbed, yet in case of emergency the referee has, in our judgment, ample power to appoint a trustee—a power, however, which should be most sparingly exercised. The following authorities sustain more or less effectively the existence of such power: In re Cohen (D. C.) 131 Fed. 391; In re Publishing Co. (D. C.) 164 Fed. 517; In re Milne, Turnbull & Co. (D. C.) 159 Fed. 280; In re Goldstein (D. C.) 199 Fed. 665; Black on Bankruptcy, § 292; Loveland on Bankruptcy (4th Ed.) p. 588, and note 11. The decision of this court in Re McGill, supra, is not, in our judgment, opposed to this view.

We think that the referee's certificate shows that an emergency existed requiring immediate action, and thus that there was no abuse of discretion on his part in making the appointment. It is not claimed that Mr. Mack's appointment is favorable to, or in the interest of, the bankrupt or any faction. It appears to be an entirely independent and disinterested selection. The appointment must therefore be sustained.

In reaching this conclusion we have found it unnecessary to consider the so-called "three pages" of the certificate repudiated by the referee, for we have before us the only certificate considered by the District Court, and the three pages mentioned are immaterial, in the view of the merits we have adopted. The subject of the alleged improper inclusion of those three pages is remitted to the District Court for such consideration as, in its judgment, the situation may merit.

The appeal taken December 11, 1914, by Knox, Evans, et al., from the order of the District Court entered December 5, 1914, confirming the referee's appointment of trustee, will be docketed and dismissed, with costs, for the reason (without reference to other reasons) that the citation and transcript have not been filed in this court within the time limited therefor. The other pending motions are rendered unimportant by our conclusion upon the main question.

The order of the District Court, affirming the referee's appointment of trustee, is affirmed, with costs.