### In re HARTMAN–BLANCHARD CO., Inc.

(District Court, N. D. New York. March 6, 1922.)

No. 9455.

1. **Bankruptcy ⚘123—Referee should grant opportunity for short examination of a creditor before vote for trustee.**

Where there is an objection to a claim of a creditor, and a request for opportunity to examine the claimant before the election of trustee, the referee should grant such opportunity, if the examination can be speedily had, and may adjourn the creditors' meeting for the purpose of the examination; but if a lengthy examination will be required, the referee can make such summary investigation as the circumstances require and base his decision thereon.

2. **Bankruptcy ⚘123—Denial of examination of creditor before voting held not abuse of discretion.**

Where the determination of the claim of the principal stockholder of the bankrupt corporation involved the determination of the ownership of property in another state, which would be a long proceeding, the referee was justified in holding that such determination could not be had before the creditors' meeting, and he did not abuse his discretion in allowing the claim and refusing the examination.

3. **Bankruptcy ⚘120—Disinterested trustee should be selected, where claims may be litigated.**

Where several of the claims against a bankrupt must be carefully scrutinized, and where litigation may result, it is important that a disinterested trustee, who does not owe his selection to any creditor whose claim may be involved in the litigation, shall be selected.

In Bankruptcy. In the matter of the Hartman-Blanchard Company, Inc., bankrupt. On review of the action of the referee in allowing the claim of one Blanchard for the purpose of voting for a trustee, and in selecting B. Roger Wales as trustee, because of the failure of any person to receive the vote of the majority of the creditors. Decision of the referee affirmed.

Harry A. Yetter, of Binghamton, N. Y., for bankrupt.

Hinman, Howard & Kattell and Stewart, Moody & Chamberlain, all of Binghamton N. Y., for creditors.

⚘For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

COOPER, District Judge. This is a review of the action of the referee for Broome county in allowing the claim of one Blanchard for the purpose of voting for a trustee, and in selecting B. Roger Wales as trustee, because of the failure of any person to receive a majority in number and amount of claims filed and allowed.

At the first meeting of creditors called for the purpose of electing a trustee, the referee is vested with power to make a summary examination into the facts when objection is made to claims, proofs of which in proper form have been filed with him, and on such summary examination to allow or disallow a claim for the purpose of voting. Objection was made to a claim in the sum of $85,000, filed by Blanchard, who was the largest stockholder and the directing force of the bankrupt corporation. The objections were not in writing nor verified. The statute (Comp. St. §§ 9585–9656) does not seem to require this, but the decisions say it is far better that objections be in writing. The objections were based chiefly upon statements in the involuntary petition, in which Blanchard was one of the petitioners.

[1] On the face of the record as it is, it does not appear that in the objections to the bankrupt claim, specific request for an opportunity to examine the claimant or any other person was made by the objecting creditors. If such request is made, ordinarily the referee should grant such opportunity, if it appears with reasonable probability that such examination can be speedily made and completed. Indeed, the meeting may be adjourned for the purpose of the examination. If, however, it appears that the determination of the allowance of the claim will involve a tedious, laborious, and expensive investigation, in short, a suit in equity, the referee has discretion to make such summary investigation as he thinks the circumstances require, and to base his decision thereon.

[2] In this case it may be assumed that the referee examined the involuntary petition, the proof of claim, and the schedules filed by the bankrupt corporation. From them he would be justified in drawing the inferences that the so-called offset against the Blanchard claim would depend upon the determination of the ownership of a culm bank in the state of Pennsylvania, a long proceeding. The referee was justified in holding that such determination could not be had on the hearing, nor within reasonable time. This was a summary examination into the facts involving the Blanchard claim. The statement of the referee that he could not go behind the face of the claims must be taken as an inadvertent statement, as he has such power. It cannot be said, however, that the referee abused his discretion in allowing the Blanchard claim and in refusing the examination, especially in view of the power of the referee and the court to disapprove the selection of a referee brought about by the vote of such a claim.

[3] In a case where several of the claims must be carefully scrutinized, and where litigation may result, it is important that a disinterested trustee, who does not owe his selection to any creditors whose claims may be involved in litigation should be selected. Though the referee was in error in refusing the examination, yet under the circumstances

it cannot be said to have been such abuse of discretion as requires reversing his action.

In view of the assumptions in the foregoing memoranda, which in substance assume that the record is amplified as desired by the contesting creditors, it is not necessary to further consider that motion, and the decision of the referee in refusing to amplify, as well as his selection of a trustee, is affirmed.