**In re GLORIA VANDERBILT-SONIA GOWNS, Inc.**

District Court, S. D. New York.
Nov. 14, 1938.

Ralph H. Wiener, of New York City, for bankrupt.

Herman Wolen, of New York City, for petitioning creditors.

Hardin, Hess & Eder, of New York City (Harold B. Elgar and Mitchel J. Valicenti, both of New York City, of counsel), for trustee.

CONGER, District Judge.

A creditor seeks a review of an order of a Referee in Bankruptcy appointing a Trustee in Bankruptcy. The Trustee so designated was formerly the Receiver of the bankrupt estate, appointed by Judge Robert P. Patterson.

The Referee in his certificate specifically states the reasons for his appointment. First, there was no election because neither of the nominees of the creditors present whose claims were allowed had a majority in number and amount of such claims and second, the general feeling of antagonism prevailing at the meeting made the appointment of a disinterested trustee necessary.

An examination of the testimony taken at the meeting of creditors reveals that two nominations were made. Mr. Raymond Zeitz, an attorney at law, was nominated by the duly authorized representative of Mrs. Gloria Vanderbilt, a creditor of the estate with a claim of $27,600. This nomination was joined in by the representative of a creditor having a claim for $326.11. The second nominee, Mr. Jacob I. Zabronsky, an accountant, was nominated by the attorney for the petitioning creditors representing fifteen claims of creditors aggregating the sum of $2,597.55. It appears that eight of these fifteen claims were ruled out by the Referee as being defective. The correctness of this ruling is not questioned on this review.

Principally, the issue before the court is the validity of the Vanderbilt claim. The Referee, relying on the case of In re Louis Elting, D.C., 4 F.Supp. 732, examined the claim, and after finding it in order as having complied with the requirements enumerated in the Elting case, allowed same, and directed that if there were any objections, the same should be heard on testimony immediately. It appears that no testimony or proof was offered in support of any objections.

The chief grievance of the reviewing creditor lies in the action of the Referee in allowing the Vanderbilt claim. Had the Referee eliminated this claim, it is contended, his (reviewing creditor's) nominee would have had a majority in number and amount of the claims allowed, and his election as trustee would have consequently followed.

The statutes dealing with this phase of the Bankruptcy Act are as follows: Subsection a of Section 56 of the Act, 11 U.S.C.A. § 92(a), provides that creditors shall pass upon all matters submitted to them by a majority vote "in number and amount of claims of all creditors whose claims have been allowed and who are present." Section 44 of the Bankruptcy Act, 11 U.S.C.A. § 72, states in part that where creditors do not appoint a trustee or trustees as provided, the court (referee) shall do so. See also Bankruptcy Act, Section 2, Subdivision 17, 11 U.S.C.A. § 11(17), and General Orders of the Supreme Court 13, 11 U.S.C.A. following section 53.

In view of the foregoing, the Referee is authorized to appoint a Trustee, where the nominees for Trustee at the meeting of creditors, fail to receive a majority in number and amount of the claims allowed.

At bar, the largest claim was the one presented on behalf of Mrs. Gloria Vanderbilt. Is her claim invalid by reason of the fact that she is an officer and director of the bankrupt corporation? The authorities have repeatedly answered this question in the negative. Her status as an officer and director does not in and of itself deprive her of the right to vote for a Trustee. In the absence of collusion or improper influence this right should be freely exercised. In re Day & Co., 2 Cir., 178 F. 545, affirming, D.C., 174 F. 164; In re Stradley & Co., D.C., 187 F. 285. That this right exists takes on even greater force when we observe that even a stockholder or officer of a bankrupt corporation is not, ipso facto, incompetent to act as a Trustee of a bankrupt corporation. In re Merritt Construction Co., 2 Cir., 219 F. 555; In re Allied Owners' Corporation, D.C., 4 F.Supp. 684.

768

It is also my opinion that the existence of a pending suit against Mrs. Gloria Vanderbilt on behalf of the bankrupt corporation did not invalidate her claim so as to deprive her of the right to vote for a Trustee. It might very well be that the candidate nominated by Mrs. Vanderbilt might be incompetent to serve, but her vote must be considered in determining whether or not there was a majority in number and amount for the other candidate. In re Machin, D.C., 128 F. 315; In re Sodus Packing Co., Inc., D.C., 1 F.Supp. 445. If the Referee should find that' the result of such action would be detrimental to creditors, he could, under General Order XIII of the Supreme Court, disapprove the election.

The Vanderbilt claim having been found valid by the Referee, it was the duty of those objecting to the claim to go forward with the evidence to establish the invalidity of same. This was not done by the objectors, although the Referee requested them to do so. The record discloses no attempt on the part of the objectors to go beyond the mere assertion that the Vanderbilt claim was invalid. In Re Century Silk Mills, Inc., D.C., 296 F. 713, at page 714 it was said: "A sworn proof of claim would ordinarily be prima facie evidence requiring an objector to go forward. It is the objection, not the claim, which is pointed out for hearing and determination. Whitney v. Dresser, 200 U. S. 532, 26 S.Ct. 316, 50 L.Ed. 584. But, in order to have probative force, the proof of claim must comply with the requirements of the Bankruptcy Law, from which it receives whatever effect it has."

I see no reason to disturb the Referee's determination because of his refusal to grant a short adjournment. In view of the fact that this request came after the Referee's selection of a disinterested trustee and in view of the general antagonism at the meeting, his refusal was not an abuse of discretion. In re Evening Standard Publishing Co., D.C., 164 F. 517; In re Hartman-Blanchard Co., D.C., 278 F. 747; In re Eisenberg, D.C., 251 F. 427.

I conclude from the foregoing that the Referee was clearly justified in appointing a disinterested Trustee, there being no candidate with a majority in number and amount of the claims allowed of those creditors present. The Referee's appointment is accordingly confirmed and the petition for review is dismissed.