In re SUMNER.

(District Court, E. D. New York. May 4, 1900.)

1. BANKRUPTCY—PROOF AND ALLOWANCE OF CLAIMS.
    Bankr. Act 1898, § 57d, providing that claims which have been duly proved shall be allowed upon presentation to the court, unless objected to, or unless their consideration is continued for cause by the court on its own motion, intends that, if objection to a claim is interposed, or if the court is not satisfied with the prima facie case made out by the claimant's sworn statement, the claim shall not be accepted as proved until the objection has been disposed of, or until the court is convinced of the validity of the claim.

2. SAME—EVIDENCE IN OPPOSITION TO CLAIM.
    Where a creditor of a bankrupt makes proof of his claim in the manner directed by the statute, his verified statement of the claim makes out a prima facie case for its allowance. If any party in interest objects to the allowance of such claim, he must assume the burden of producing evidence against it of at least equal probative force to that furnished by the claimant's sworn statement.

3. SAME—EXAMINATION OF WITNESSES.
    A party in interest, objecting to the allowance of a claim proved against the estate of a bankrupt, is entitled, in support of his objection, to examine the claimant and other witnesses, if their attendance can be secured without embarrassing delay. But the proceeding should not be suspended for the purpose of obtaining the evidence of witnesses beyond the jurisdiction, unless the court is satisfied that the objection is interposed in good faith, and that the evidence desired is of substantial value, and necessary to a just determination of the case.

In Bankruptcy. On certificate of referee in bankruptcy.

Nathan D. Stern, for Kane and others.

L. M. Merchant, for James B. Weed & Co.

William H. Janes, for James Lumber Co. and others.

John Jay McKelvey, for S. E. Sargent and others.

THOMAS, District Judge. The first question to be decided relates to the method that should be employed by a creditor for the purpose of presenting his claim to the referee for allowance, and to the evidence that should be furnished by him for that purpose.

Section 57a of the act provides:

"Proof of claims shall consist of a statement under oath, in writing, signed by a creditor setting forth the claim, the consideration therefor, and whether any, and, if so what, securities are held therefor, and whether any, and, if so what, payments have been made thereon, and that the sum claimed is justly owing from the bankrupt to the creditor."

Section 57b provides:

"Whenever a claim is founded upon an instrument of writing, such instrument, unless lost or destroyed, shall be filed with the proof of claim. If such instrument is lost or destroyed, a statement of such fact and of the circumstances of such loss or destruction shall be filed under oath with the claim. After the claim is allowed or disallowed, such instrument may be withdrawn by permission of the court, upon leaving a copy thereof on file with the claim."

This section provides both the method of presenting the claim and the evidence necessary, in the first instance, to sustain it. The "statement under oath," if it contain the matter pointed out, is at once the claimant's pleading and his evidence, and makes for him a prima facie case.

Section 57d provides:

"Claims which have been duly proved shall be allowed, upon receipt by or upon presentation to the court, unless objection to their allowance shall be made by parties in interest, or their consideration be continued for cause by the court upon its own motion."

The meaning of this subdivision is that, if objection be interposed, or the court be not satisfied with the prima facie case thus made, the claim shall not be accepted as proven, until disposition shall have been made of such objection, or, if the court continue the consideration, until the court shall be convinced of its validity.

Just here arises the second inquiry: If objection be made to the claim, must the claimant present evidence in addition to the statement provided for in sections 57a and 57b, or has he made such a prima facie case as to place the burden upon the objector of furnishing evidence that shall overcome the evidence conveyed to the court by the statement? It is apparent that, if the statement makes a prima facie case, the claimant may rest, and await the introduction of evidence that shall be opposed to the sufficient evidence presented by the claimant.

Section 57f provides:

"Objections to claims shall be heard and determined as soon as the convenience of the court and the best interests of the estates and the claimants will permit."

It is apparent from subdivision "f" that the statute contemplates that, after the claimant has presented his claim in the prescribed manner, objection may be made, and that thereafter the question of the objection shall be taken up and decided. This does not mean that the burden of proof is upon the objector to disprove the claim, but that he shall produce evidence whose probative force shall be equal to, or greater than, the evidence offered in the first instance by the claimant. The burden of proof is always upon the claimant, but the statute points out how he may meet it for the purpose of making a prima facie case; and further provides that a creditor, or other person entitled, may, by interposing objection, so relate himself to the record as to be able to give evidence in opposition to the claim. Therefore, if the creditor shall have complied with section 57a, by filing with the referee a statement under oath, he shall be entitled to have his claim accepted, unless from some circumstance the referee demands further evidence from him, or unless an objection is interposed, and such objection is followed by evidence offered by the objector, which shall overthrow the presumptive case made by the claimant. It is proper to inquire, in this connection, whether the objector is entitled to examine the claimant. It is considered that an opportunity should be given to examine the claimant and other witnesses, if the attendance of the same can be procured seasonably and without embarrassing delay, and it may be that in suitable cases the referee should suspend a determination of the matter until evidence can be taken by deposition. But a suspension of the proceeding for the purpose of obtaining the evidence of witnesses not within the jurisdiction of the court should only be exercised where the referee is convinced that there is not only formal objection to the claim interposed in good faith, but also that there is substantial reason for believing that such evidence is necessary for the just administration of the estate. The proceeding before the referee at the first meeting of creditors, looking to the election of a trustee, is intended to be summary. The expeditious administration of the estate is of importance, and no considerable delay should be permitted for the purpose of obtaining evidence respecting claims, unless the court is satisfied that such evidence is of substantial value and necessary to just determination. Experience in this district under the present act illustrates that the provision of the statute committing the selection of the trustee to the creditors permits embarrassments which seriously tend to delay the speedy and proper distribution of the estate. It usually happens that, where there are assets, coteries of creditors are formed for the purpose of controlling the election of a trustee, either in the interest of particular creditors, or for the purpose of carrying to some particular lawyer the emoluments arising from the conduct of the business. As a result, the court has been compelled to appoint a receiver in almost every important proceeding pending the contest over the election of the trustee. Such receiver usually performs a considerable part of the duties that belong to the trustee, and the expense of the administration is largely increased. It is not within the power of the court to withdraw from the creditors their due right to select the trustee, but every effort should be made to put

an end to the undue contention, and the consequent delay that accompanies the attempted exercise of that right.

The objection that certain creditors were debarred from proving the balance of their debts, because preferential payments had been made thereon within four months, and while the bankrupt was insolvent, cannot be sustained.

Pursuant to the above views, this proceeding is remanded to the referee, with direction to pass upon the claims presented, and the objections already made thereto, and to give each party such opportunity to produce evidence as shall accord with this opinion.