## In re MALINO.

### (District Court, S. D. New York. June 5, 1902.)

1. BANKRUPTCY—PROCEEDINGS FOR APPOINTMENT OF TRUSTEE—OBJECTIONS TO PROOF OF CLAIMS.

The proceedings for the appointment of a trustee in bankruptcy should not be so summary as to exclude consideration of all objections to the proof of claims for the purpose of qualifying the creditors to vote; but the referee should at least hear the objections sufficiently to determine whether they are made in good faith; and if so, and they appear to be well founded, the claims should not be allowed for voting purposes.

In Bankruptcy.

Weil, Wolf & Kramer, for certain creditors.
James, Schell & Elkus, for trustee.
Hays & Hershfield, for bankrupt.

ADAMS, District Judge. My opinion is asked with respect to certain proceedings before the Referee which resulted in the election of a trustee. The Referee refused therein to entertain objections to certain claims proffered on the ground that the claimants were preferred creditors and not entitled to have their claims allowed until the preferences were surrendered. The Referee overruled the objections, offering to consider them later, and accepted the proofs of claims objected to as presented and a trustee was elected thereupon. I think the proceedings were erroneous. The right of creditors to select a trustee is a substantial one (In re Henschel, 7 Am. Bankr. R. 662, 113 Fed. 443) and it does not rest in the discretion of the Referee to allow claims as voting bases when objections are made, which are apparently genuine. While the selection of a trustee can not be tied up indefinitely by obstructive tactics, which are obviously for the purpose of delay (In re Sumner, 4 Am. Bankr. R. 123, 101 Fed. 224), and in proper cases provisional allowances or disallowances may be made in order that a trustee may be expeditiously selected nevertheless the proceeding should not be so summary as to exclude the consideration of all objections. Objecting creditors, and the bankrupt are entitled to a hearing upon the objections for the purpose of determining, at least, whether they are honestly made and there is reasonable ground for their consideration. These facts being established, the claims should not be allowed for the purpose of voting.

The election of the trustee Wendt is set aside and the matter remitted to the Referee for further proceedings in conformity herewith.