### In re MILNE, TURNBULL & CO.

(District Court, S. D. New York. February 19, 1908.)

1. BANKRUPTCY—ELECTION OF TRUSTEES—SECURED CLAIMS—RIGHT TO VOTE.

Where a referee in bankruptcy ascertained that the security held by a creditor of the bankrupt would be insufficient to satisfy the claim, and no exception was taken to the method of liquidation, which was unfavorable to the creditor, the referee did not err in permitting the creditor's trustee to vote in the selection of a trustee for the bankrupt to the amount of the deficit, without surrendering the collateral.

2. SAME—PREFERENCE.

The proof of claim against a bankrupt's estate negatived a preference, and, prior to determining the right of a creditor's trustee to vote for a

trustee for the bankrupt, the referee twice adjourned the election, and afforded objecting creditors an opportunity to examine the bankrupt in support of their objection. *Held*, that the referee, having found that the evidence was insufficient to show a preference, did not err in refusing to postpone the vote for trustee until the validity of a claim had been absolutely determined; it appearing that such determination would require an exhaustive examination of transactions between the bankrupt and the creditor extending over many months, if not for several years.

In Bankruptcy. On petition to review referee's order appointing a trustee upon failure of a majority of creditors (in number and value) to elect such officer.

Mr. Weil, for petitioner.

Mr. Ernst and Mr. Choate, for respondent.

HOUGH, District Judge. This proceeding is an instance of the truth of the remarks of Judge Thomas in Re Sumner (D. C.) 101 Fed. 224. A receiver being in charge of this estate, the election of a trustee has been prolonged through several sessions of the creditors' meeting in order to ascertain whether the proxies controlled by one firm of attorneys would or would not be sufficient to determine the selection of a trustee. It is obvious upon the record submitted that the real contest was not between creditors as to who should be the trustee, but between attorneys as to who should be the counsel for the trustee when elected or appointed. The referee finally held that the trustee in bankruptcy of the firm of Kessler & Co., who had filed a proof of claim for over $100,000, should be permitted to vote to the extent of some $14,000. This vote having been passed for the gentleman who was serving as receiver produced a majority in value for him, while the majority in number rested with the proxies controlled by one firm of lawyers. Thereupon the referee appointed as trustee the gentleman serving as receiver.

The questions raised by this petition are (a) whether the claim of Kessler & Co. should have been permitted to vote without surrender of the collateral held as security therefor; and (b) whether Kessler & Co. are preferred creditors, and as such incapable of voting without surrendering their preference. On the first question it is sufficient to say that the referee appears to me to have ascertained that there would certainly be a deficiency in Kessler & Co.'s security and to have permitted that claim to vote only to the amount of the deficit. No just exception is taken to the method of liquidation, which seems to have proceeded in a method distinctly unfavorable to Kessler's trustee.

On the second question it is to be remembered that some probative force is to be given the sworn proof of claim. Whitney v. Dresser, 200 U. S. 532, 26 Sup. Ct. 316, 50 L. Ed. 584. That proof negatived a preference, and the burden of proving a preference is therefore upon the creditors objecting on that ground to the voting power of the claim. To sustain that burden there was introduced in evidence an agreement long antedating the filing of the petition herein between this bankrupt firm and Kessler & Co., and the evidence of Mr. Milne, one of the bankrupts. The course of business suggested by this instrument and Milne's testimony is suggestive of the same questions

of law as were considered in Matthews v. Hardt, 9 Am. Bankr. Rep. 373, 80 N. Y. Supp. 462, and Ryttenberg v. Shefer (D. C.) 131 Fed. 313. The referee did not find "as matter of fact that Kessler & Co. had not received a preference, but merely that upon such evidence as was adduced * * * such preference had not been established," and, against the objection of the attorneys for certain creditors, refused to postpone the election until the final determination of this question of preference, and permitted Kessler's trustee to vote for the amount of his claim as liquidated by the trustee.

It is clear that as between the two candidates for trustee the vote of the Kessler claim was decisive, and it is therefore argued that since a prima facie case of preference in Kessler & Co. is said to be made out, and the vote of that claim would be decisive, it was the duty of the referee to postpone the vote until the validity of the claim could be determined. Collier (6th Ed.) p. 424, and cases cited. This argument raises the very vexed question as to how far the referee is bound to go in the liquidation and allowance of claims before proceeding to the election of a trustee. In this case he did proceed so far as to ascertain that the proofs left him in doubt as to whether the largest creditor of the bankrupt was a preferred creditor. The only decision in this district is In re Malino (D. C.) 8 Am. Bankr. Rep. 205, 118 Fed. 368, and it is there held that "in proper cases provisional allowances or disallowances may be made in order that a trustee may be expeditiously selected." This ruling is hardly consistent with that in Re Columbia Iron Works (D. C.) 142 Fed. 242. If such provisional allowances cannot be made by a referee in doubt after the objecting creditor has had an opportunity of examining the bankrupt (as is the case here), the only other possible course where the largest claim in the estate is attacked is to defer the election of a trustee until intricate questions both of fact and law have been settled before the referee and by the District Court. It seems to me that such practice would be intolerable, and the necessary evil of receiverships unnecessarily increased. In this case the burden was upon the objecting creditors to establish by a fair preponderance of testimony that Kessler & Co. were preferred creditors. They were unable to do this to the satisfaction either of the referee or myself after a prolonged hearing. They have only succeeded in suggesting a series of questions which will require for elucidation an exhaustive examination of transactions between the Milne firm and the Kessler firm extending over many months, if not several years; and I think the referee was right, after twice adjourning the election and then affording an opportunity to the objecting creditors to examine the bankrupt in support of their objection, in provisionally allowing the Kessler vote for an amount much smaller than the probable deficit in collateral, and in holding that because the objection of preference had not been sustained by a fair preponderance of evidence it should be provisionally overruled.

The election is confirmed, and the petition of review dismissed.