**In re LANG CARTAGE CORPORATION, Debtor.**

**John F. WALDSCHMIDT, Trustee in Bankruptcy for Lang Cartage Corporation, Plaintiff,**

**v.**

**SIVA TRUCK LEASING, INC., a Wisconsin corporation, Defendant.**

**Bankruptcy No. 81–01839.
Adv. No. 82–0102.**

United States Bankruptcy Court,
E. D. Wisconsin.

June 2, 1982.

John F. Waldschmidt, DeStefanis & Waldschmidt, Milwaukee, Wis., trustee.

David B. Stearns, Erbstoeszer, Cleary & Misey, Ltd., Milwaukee, Wis., for defendant SIVA.

## OPINION AND ORDER DENYING MOTION TO DISMISS

D. E. IHLENFELDT, Bankruptcy Judge.

On June 17, 1981 an involuntary creditors' petition was filed asking for an order for relief under chapter 7 of the Bankruptcy Code against the debtor, Lang Cartage Corporation, the operator of a trucking business. The debtor did not contest the petition and on August 18, 1981 an order for relief under chapter 7 was entered. On September 15, 1981 the debtor filed its schedules listing assets of $100 cash on hand, $578.32 in a bank account, $10,000 due on a delinquent loan, and indicating that

Siva Truck Rental (SIVA) had seized approximately $35,000 in equipment and assets pursuant to execution on a judgment in the amount of $77,471.72. SIVA, however (whose correct name is Siva Truck Leasing, Inc.), was not listed in the schedule of creditors, which showed a total of $94,894.68 in liabilities to other creditors.

On January 25, 1982, John F. Waldschmidt, the trustee,[1] commenced this adversary proceeding alleging that on or about April 30, 1981, in execution on a state court judgment in the amount of $77,545.72 entered on April 24, 1981, SIVA had caused the debtor's physical assets to be seized and sold at a sheriff's sale, thereby generating approximately $40,000 in proceeds which were applied in partial satisfaction of SIVA's judgment. In addition, the trustee alleges that between April 24, 1981 and June 17, 1981, SIVA had garnished a number of the debtor's accounts, thereby obtaining approximately $28,000 which amount was also applied against SIVA's judgment. (In an affidavit filed with the court, SIVA indicates that it has remaining at the present time an unsecured claim in the amount of $112,054.51). The trustee seeks to recover these sums as voidable preferences pursuant to § 547 of the Bankruptcy Code. SIVA complains that service of the summons and complaint in this action constituted the first notice or knowledge it had of the bankruptcy proceedings.

SIVA has moved to dismiss the trustee's action on multiple grounds, charging that it has been deprived of its right to vote in the election of the trustee, question the debtor's officer, and generally participate in the § 341 meeting. At a preliminary conference, the court indicated to SIVA that a tape recording of the § 341 hearing was available, so that SIVA could find out what actually transpired at the § 341 hearing. The court explained, however, that because of the great increase in bankruptcy filings and the severe shortage of court personnel available to conduct § 341 hearings, it has

1. Waldschmidt was appointed interim trustee pursuant to § 701(a) of the Code, and he became the trustee pursuant to § 702(d) when

creditors failed to elect a trustee at the § 341(a) meeting.

become necessary to schedule numerous such hearings on the same day. As a result, it has not been possible to allow time for much more than perfunctory questioning of the debtor by creditors at the hearing. To compensate, it is this court's practice, pursuant to the authority contained in Bankruptcy Rule 205, to direct that the debtor and creditor or creditors make informal arrangements for an examination of the debtor under oath at some mutually convenient place away from the court, for example, the offices of one of the attorneys in the case. The court directed that similar arrangements be made in this case, and SIVA has since conducted an examination of the debtor's principal officer. Thereafter, SIVA's motion to dismiss was set for hearing.

At the hearing on its motion, SIVA indicated that it was not pressing various of the issues previously raised, but rested its case on the proposition that the trustee was not a proper party plaintiff—that under § 702(a), SIVA had the right to and would have voted for a trustee at the § 341 hearing (presumably for someone other than Waldschmidt), and that it was deprived of that right by lack of notice of the proceedings. SIVA cited in support of its position the case of *In re Hale Desk Co.* (2d Cir. 1937) 89 F.2d 1. To the court's inquiry concerning what actions SIVA would have expected another trustee to take, other than the actions Waldschmidt had taken, SIVA had no response.

Section 702(a) of the Bankruptcy Code provides:

"(a) A creditor may vote for a candidate for trustee only if such creditor—

(1) holds an allowable, undisputed, fixed, liquidated, unsecured claim of a kind entitled to distribution under section 726(a)(2), 726(a)(3), or 726(a)(4) of this title;

(2) does not have an interest materially adverse, other than an equity interest that is not substantial in relation to such creditor's interest as a creditor, to the interest of creditors entitled to such distribution; and

(3) is not an insider."

As can be seen, § 702(a)(2) denies a creditor the right to vote for a trustee where that creditor has an interest materially adverse to the interests of other creditors whose claims are entitled to participate in any distribution from the bankruptcy estate.

Section 547(b) provides that the trustee may avoid a transfer that was made (1) to or for the benefit of a creditor, (2) for or on account of an antecedent debt owed by the debtor before the transfer was made, (3) when the debtor was insolvent, (4) during the 90 days immediately preceding the filing of the petition, and (5) that enables such creditor to recover a greater percentage of his claim than he would have received under the distributive provisions of the bankruptcy code.

The debtor's schedules show its remaining assets as having a face value of $10,678.32, and the trustee's complaint alleges transfers to SIVA for antecedent debts within the 90 day period prior to bankruptcy of $68,000, a total of around $78,678.32. The debts of $94,894.68 listed in the debtor's schedules when added to SIVA's claim of $112,054.51 total $206,949.19. On their face, these facts meet the requirements of § 547(b) regarding voidable preferences, and no other facts have been suggested which would except the transfers to SIVA from the trustee's avoiding power under § 547(b). In its written and oral presentations, SIVA has not disputed the dates of the alleged transfers or the dollar figures concerning the debtor's assets and liabilities, contending only that it was deprived of the right to vote for a trustee.

In the *Hale Desk Co.* case cited by SIVA, which was decided under the provisions of the Bankruptcy Act of 1898, the court said the Referee in Bankruptcy was not justified in denying the right to vote for a trustee to the holder of a claim because of suspicion that the claimant had obtained an unlawful preference, but that the Referee should have undertaken to obtain facts which would have warranted disallowing the claim for voting purposes.

The situation in the *Hale Desk Co.* case is quite different from that facing SIVA as set out in the above facts. As the record stands, the uncontested facts show clearly that SIVA's interests are materially adverse to those of the other creditors. SIVA was clearly disqualified from voting for a trustee by reason of § 702(a)(2), and consequently its rights in that respect were not affected. Accordingly,

IT IS ORDERED that the defendant's motion to dismiss be and the same is hereby denied.