**In the Matter of A & J ELASTIC MILLS, INC., Debtor.**

**No. 82 Civ. 6553 (RWS).**

United States District Court, S.D. New York.

May 31, 1983.

Honig & Smerling, New York City, for appellee Webbing Industries, Inc.; Stephen J. Orbach, New York City, of counsel.

Otterbourg, Steindler, Houston & Rosen, P.C., New York City, for Citicorp Indus.

Credit, Inc.; Jonathan N. Helfat, Mitchell M. Brand, New York City, of counsel.

## OPINION

SWEET, District Judge.

This appeal from an order of the Honorable Roy F. Babitt, Bankruptcy Judge, presents three issues: should the appeal be dismissed because of an untimely filing of the brief of appellant Citicorp Industrial Credit, Inc. ("Citicorp"); did the Bankruptcy Judge err in allowing Webbing Industries, Inc. ("Webbing") to vote its claim based on a default judgment in the election of the Trustee Albert Togut (the "Trustee"); and did the Bankruptcy Judge err in refusing to take evidence in connection with Citicorp's objection to Webbing's participation in the Trustee's election. The appeal is dismissed, and the order of the Bankruptcy Judge is affirmed for the reasons set forth below.

On March 24, 1982 a group of creditors of A & J Elastic Mills, Inc. (the "Debtor") organized a creditor's committee at the New York Credit Men's Adjustment Bureau, Inc. (the "Bureau"). On March 31, 1982 the Debtor filed its Voluntary Petition for Bankruptcy under Chapter 7, 11 U.S.C. § 301, listing Webbing among its creditors on the basis of a "disputed" claim of $150,-000. During the morning of the same day, Webbing obtained a default judgment against the Debtor in the Supreme Court of the State of New York, County of New York, in the amount of $807,238.65.

On or about April 1, 1982 the United States Trustee appointed the Trustee as Interim Trustee pursuant to 11 U.S.C. § 15701. On May 10, 1982 the first meeting of creditors pursuant to 11 U.S.C. § 341(a) was held and all present other than Webbing voted to elect the Bureau as trustee. Webbing voted to continue the Trustee. The aggregate amount of claims was $1,035,834.60 if Webbing's claim is counted as $807,238.65 and $378,595.95 if Webbing's claim is counted as $150,000. On May 25, 1982 the United States Trustee reported the election controversy resulting from the weight to be given Webbing's vote

either $807,238.65, in which case the Trustee was continued, or $150,000, in which case the Bureau was elected.

■ By order to show cause dated June 11, 1982, the issue was presented to the Bankruptcy Judge who heard argument on June 21, 1982 and denied Citicorp's motion to disqualify Webbing's claim counted at $807,238.65, as well as Citicorp's request to present evidence of the Debtor that Webbing was not entitled to the amount set forth in the default judgment and in fact owed money to the Debtor. An order was entered on June 25, 1982 certifying the Trustee's election, and Notice of Appeal was filed on July 1, and the contents of the record on appeal designated on July 12, 1982.

Then, according to Citicorp, the record of the proceedings before the Bankruptcy Judge disappeared. The Clerk of the District Court refused to docket the appeal in the absence of the original transcript. In September, 1982 the missing transcript was finally located. On October 1, 1982 the Notice of Appeal and record were filed in the District Court. According to counsel for Citicorp, the Clerk of the District Court had undertaken to advise the creditor when the appeal was docketed. No such advice was received, and no brief on appeal was filed until January 12, 1983 after Citicorp had been notified of a pretrial conference by this court which was subsequently cancelled.

The briefing was thereafter completed by all parties, and in addition, the United States Trustee submitted a most helpful and useful statement advocating dismissal of the appeal.

Rule 808(1) of the Rules of Bankruptcy Procedure required the appellant's brief to be served and filed within 15 days of the docketing of the appeal, a provision clearly and concededly violated by Citicorp, though its failure is sought to be justified by the circumstances set forth above. However, Citicorp cannot cast its burden to comply with the stated procedures upon the Clerk of the District Court by way of an alleged

undertaking outside the record and without benefit of rule or requirement. A delay of close to three months is unreasonable. Despite the "mechanical difficulties encountered in proceeding with this appeal," the failure of Citicorp to make inquiry to the court for over two months is inexcusable. In addition, as represented by the United States Trustee, the Trustee is by this time well into the administration of the A & J estate, and to appoint a different trustee at this late date (late in part as a result of the delay in the appeal) is likely to cause duplicative efforts and undue financial burden on the estate. Under these circumstances, dismissal is appropriate. *See In re New Haven Radio, Inc.,* 23 B.R. 762, 765 (D.C.S. D.N.Y.1982) (Weinfeld, J.); *Sanitation Recycling, Inc. v. Jay Peak Lodging Ass'n, Inc.,* 428 F.Supp. 1022, 1023 (D.Vt.1977).

■ Further on the merits, the Bankruptcy Judge correctly resolved the issue presented to him with respect to the section 341(a) meeting. Rule 207(a) of the Rules of Bankruptcy Procedure provides:

*Notwithstanding objection to the amount or allowability of a claim for the purpose of voting,* the court may temporarily allow it for that purpose in such amount as to the court seems proper.

(emphasis added). The Bankruptcy Judge recognized that "the allowance of claims, for purposes of voting, is not their final allowance, and that upon a determination of their validity for voting purposes, when challenged, the only question for the court is whether there was reasonable ground for the determination made." *Sloan's Furrier's v. Bradley,* 146 F.2d 757, 758 (6th Cir.1945).

The United States Trustee states that fixing the amount of a creditor's claim for distribution purposes can be, and often is, time-consuming, and that if Webbing's claim is improper, the Trustee may object to the claim pursuant to 11 U.S.C. § 502(j) ("Before a case is closed, a claim allowed may be reconsidered for cause and reallowed or disallowed according to the equities of the case"). He stresses the need for speed and certainty in connection with the selection of a trustee. Indeed, the proprie-

ty of provisional allowances or disallowances for the purpose of expeditiously selecting a trustee has long been recognized. *See In re Malino,* 118 F. 368 (S.D.N.Y.1902); *In re Sumner,* 101 F. 224, 226 (E.D.N.Y.1900). Judge Babitt explained this as follows:

[H]istorically it has been the law for purposes of the matter of electing the trustee, a matter of the gravest urgency, claims have traditionally under the old Act been "provisionally allowed." This means for purposes of electing a trustee a claim is allowed even though when all is said and done in the unfolding of a case that claim may not [sic] later be challenged. And, there is a sense behind all this because Congress balanced the possibility that a claim might be undone by a trustee later against the desire to immediately get a trustee into administer an estate before the proceeds and assets were dissipated while the Bankruptcy Judges litigated disputes over who got elected, and as a matter of policy Congress historically allowed people to get elected on the basis of a claim provisionally to get a case going because trustees are officers of the Court.

Judge Babitt, declining to go behind the default judgment at the voting stage, provisionally allowed the claim of Webbing for voting purposes only.

The Debtor nevertheless argues that under 11 U.S.C. § 702(a) a creditor may vote for a candidate for Trustee "only if such creditor: (1) holds an allowable undisputed, fixed, liquidated, unsecured claim of a kind entitled to distribution under section 726(a)(2), 726(a)(3), 726(a)(4), 752(a), 766(h), or 766(i) of this title; and (2) does not have an interest materially adverse ... to the interest of creditors entitled to such distribution..." Citicorp has set forth no authority for the proposition that a default judgment entered by a court of competent jurisdiction does not meet these criteria—that a judgment creditor does not hold an allowable claim because it got its judgment by default. Citicorp's disagreement with the amount entered in the default judgment does not create a "disputed" claim.

And, of course, the entry of default judgment came after the Debtor's characterization of Webbing's claim in its schedule as "disputed." In addition, it would appear that Webbing, armed with a default judgment, did not hold an interest "materially adverse."

■ The Bankruptcy Judge also refused to take testimony offered by the Debtor, allegedly to establish that Webbing had property of the Debtor in excess of its claim, an allegation met by Webbing's claim that it possessed a processor's lien under Rhode Island law. Noting the responsibility of the Trustee to obtain a turnover order for any of the Debtor's property in Webbing's possession, the Bankruptcy Judge declined to take evidence concerning the validity of Webbing's claim in connection with its right to vote at the section 341(a) meeting. The Bankruptcy Judge did not abuse his discretion in refusing to take testimony.

While there are cases suggesting that a hearing or the taking of evidence on an objection is appropriate under certain circumstances, *see, e.g., In re Ira Haupt,* 240 F.Supp. 10 (S.D.N.Y.1965), *aff'd,* 379 F.2d 884 (2d Cir.1967); *In re Gloria Vanderbilt-Sonia Gowns, Inc.,* 26 F.Supp. 766, 768 (S.D. N.Y.1938); *In re Milne, Turnbull & Co.,* 159 F. 280, 281–82 (S.D.N.Y.1908), *aff'd,* 185 F. 244 (2d Cir.1910); *In re Malino,* 118 F. 368 (S.D.N.Y.1902); *In re Sumner,* 101 F. 224, 226 (E.D.N.Y.1900), on the record before me, I cannot conclude that the "proceeding was so summary as to exclude the consideration of all objections." *In re Malino,* 118 F. 368 (S.D.N.Y.1902). Judge Babitt was apprised of the contentions of Citicorp and of Webbing concerning the Debtor's property allegedly held by Webbing and the processor's lien allegedly possessed by Webbing, and could have reasonably concluded that going behind the default judgment would have seriously delayed selection of the trustee to the detriment of the estate. *See* Rule 207(a), Advisory Committee's Note ("[Rule 207(a)] recognizes the necessity for prompt disposition of objections to claims for the purpose of voting and vests discretion in the court to make a temporary allowance for that amount without determining the amount of allowability of the claim for the purpose of distribution."); *In re Deena Woolen Mills,* 114 F.Supp. 260, 272 (S.D.Me.1953) ("determination of the rights of their claimant to participate in the proceedings could not be made without undue and unreasonable delay in the selection of a Trustee"); *In re Sumner, supra,* 101 F. at 226 ("Experience in this district under the present act illustrates that the provision of the statute committing the selection of the trustee to the creditors permits embarassments which seriously tend to delay the speedy and proper distribution of the estate").

No substantial reason or authority has been advanced to demonstrate any impropriety in the Bankruptcy Judge's decision or the procedure employed in his evaluation of the default judgment. To hold otherwise would permit an objection to a vote in a section 341(a) meeting to trigger a full-blown hearing on the validity of the claim advanced whenever an objection is made. The facts here make it apparent that a provisional approval is intended to be just that, and in the absence of a substantial showing of impropriety, a facially valid claim should be permitted to vote. No showing was made or alleged here to overcome the effect of an apparently valid judgment.

The appeal is dismissed both for failing to comply with the rules relating to the filing of briefs and for failure to demonstrate an error in the rulings which was the subject of the appeal.

IT IS SO ORDERED.