### In re COHOES INDUSTRIAL TERMINAL, INC., Debtor.

**Bankruptcy No. 86 B 20201.**

United States Bankruptcy Court, S.D. New York.

March 14, 1988.

Leon C. Baker, White Plains, N.Y., for debtor.

Zubres, D'Agostino & Hoblock, P.C., Albany, N.Y. (Marshal P. Richer, of counsel), for Latham Sparrowbush Associates.

### DECISION ON MOTION TO SET ASIDE ORDER APPOINTING TRUSTEE

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtor in the above captioned Chapter 7 case has moved to set aside the order of this court, dated February 10, 1988, which approved the report and application of the United States trustee for the appointment of Anna C. Pitter as the elected permanent trustee of this estate. The debtor contends that the trustee was elected by a creditor holding a disputed claim and that such election violates 11 U.S.C. § 702(a)(1).

### FACTS

1. On April 28, 1987, the debtor, Cohoes Industrial Terminal, Inc., filed with this court its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. It was the lessee of an apartment complex in Albany County, New York owned by Latham Sparrowbush Associates ("LSA").

2. A Chapter 11 trustee was appointed for this debtor on November 26, 1986.

3. On June 12, 1986, this court ruled that a state court default order in favor of LSA, which confirmed the landlord's termination of the debtor's leasehold interest in the Sparrowbush Apartments complex and which was affirmed by the state courts on appeal, was final and *res judicata* as to such termination. *In re Cohoes Industrial Terminal, Inc.*, 62 B.R. 369 (Bankr.S.D.N.Y.1986), *aff'd* 70 B.R. 214 (S.D.N.Y.1986), *aff'd* No. 87–5004 (2d Cir. Sept. 18, 1987).

4. On December 17, 1987, this court entered an order converting the debtor's Chapter 11 case to a case under Chapter 7. Thereafter, the United States trustee appointed an interim trustee pursuant to 11 U.S.C. § 15701(a).

5. At the scheduled meeting of creditors, pursuant to 11 U.S.C. § 341(a), which was held on February 4, 1988, the general partner of LSA, who also held a proxy from Niagara Mohawk Power Corporation, nominated and voted for Anne E. Pitter as permanent trustee. The only non-insider, non-governmental creditors of the debtor are LSA, Niagara Mohawk Power Corporation and Blue Shield. Leon Baker, the debtor's former president, his wife Gloria Baker and two Baker-controlled entities are the other creditors of this estate.

6. The claim of LSA is listed in the debtor's petition as disputed. This claim was filed by the landlord for additional contingent rent, waste, use and occupancy and for the debtor's breach of its obligation to maintain and repair the leased premises.

7. A hearing on the debtor's objection to LSA's claim, which was pursued by the Chapter 11 trustee, culminated in a decision by this court, dated October 9, 1987, which rejected LSA's claim for use and occupancy; sustained LSA's claim for additional contingent rent to the extent of $101,144.00; sustained LSA's claim for the breach of the debtor's obligation to maintain and repair the premises in the amount of $735,715.00; granted LSA's claim for previously awarded state court costs in the amount of $115.00 which was conceded by the debtor, and awarded LSA reimbursement for the arbitration fee of $1,750.00 that LSA paid with respect to the contingent rent dispute which was commenced by LSA before the filing of the debtor's Chapter 11 petition. *In re Cohoes Industrial Terminal, Inc.*, 78 B.R. 681 (Bankr.S.D.N.Y.1987).

8. On October 9, 1987, this court entered an order sustaining LSA's claim in an amount in excess of $835,000.00. The debtor is presently appealing this court's determination regarding LSA's claim. LSA has cross-appealed for use and occupancy which this court disallowed.

9. The United States trustee concluded that although the claim of LSA is on appeal to the District Court, no stay pending appeal was issued and, therefore, the pending appeal did not preclude LSA from exercising its right to request the selection of a permanent trustee. Additionally, the United States trustee reported that the claim of Niagara Mohawk Power Corporation "is in itself enough to request the election if the claim of Latham were deemed not eligible." Report of Election, dated February 9, 1988.

## DISCUSSION

The debtor argues that LSA's claim is listed as disputed in its petition and that it therefore follows that LSA may not solicit the proxy of Niagara Mohawk Power Corporation, nor is LSA qualified to vote under 11 U.S.C. § 702(a). This section provides as follows:

(a) A creditor may vote for a candidate for trustee only if such creditor—

(1) holds an allowable, undisputed, fixed, liquidated, unsecured claim of a kind entitled to distribution under section 726(a)(2), 726(a)(4), 752(a), 766(h), or 766(i) of this title;

(2) does not have an interest materially adverse, other than an equity interest that is not substantial in relation to such creditor's interest as a creditor, to the interest of creditors entitled to such distribution; and

(3) is not an insider.

When the election occurred at the meeting of creditors held on February 4, 1988, LSA was the holder of a liquidated claim which this court had previously allowed, pursuant to an order dated October 9, 1987,

in an amount in excess of $835,000. The pendency of an appeal of that order, which was not stayed pending the appeal, does not disturb the finality of the order while it remains unreversed. *Johnson Co. v. Wharton*, 152 U.S. 252, 261, 14 S.Ct. 608, 611, 38 L.Ed. 429 (1894); *In re DeLancey*, 77 B.R. 424, 427–428 (Bankr.S.D.N.Y.1987); Restatement of Judgments § 41, comment d (1942). Additionally, Bankruptcy Rule 2003(b)(3) states in relevant part as follows:

> Notwithstanding objection to the amount or allowability of a claim for the purpose of voting, the court may, after such notice and hearing as it may direct, temporarily allow it for that purpose in an amount that seems proper to the court.

Surely, when the court has already established the allowed amount of a claim after a full trial, where the debtor and the creditor presented evidence as to the claim, such creditor may thereafter vote its claim for the election of a trustee.

In the case of *In re A & J Elastic Mills, Inc.*, 34 B.R. 977 (S.D.N.Y.1983), the District Court concluded that even a challenged claim may be authorized to vote for a trustee, notwithstanding that the Bankruptcy Judge's temporary allowance of the claim for voting purposes only, was not the final allowance. The court noted that the provisional allowance of disputed claims "for the purpose of expeditiously selecting a trustee has long been recognized." *In re A & J Elastic Mills, Inc.*, 34 B.R. at 979.

In this case, where the former Chapter 11 debtor was ousted from possession by the appointment of a Chapter 11 trustee, and where there are only three non-insider creditors, it ill behooves the debtor after conversion to Chapter 7, to object to its largest unsecured creditor's selection of a trustee in bankruptcy, especially when that creditor also holds the proxy of one of the two remaining unsecured creditors. The debtor argues that the trustee elected by two of its three unsecured creditors is not disinterested because she owes her selection to a creditor whose claim may be involved in litigation with the trustee. This argument is unpersuasive and was rejected in *In re Blesi*, 43 B.R. 45, 47 (Bankr.D. Minn.1984), where the election of a trustee by a creditor whose eligibility to vote was objected to by the Chapter 7 debtor. The fact that the trustee owed his nomination to a creditor holding 90% of the unsecured claims and who was engaged in litigation with the debtor, did not detract from the creditor's right to elect a trustee. The court noted that although the nominating creditor's interest was definitely materially adverse to the debtor such creditor's interest was not materially adverse to the interest of the other creditors.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. LSA was eligible to vote for a trustee in bankruptcy pursuant to 11 U.S.C. § 702(a).

3. The debtor's motion to set aside the election of Anne E. Pitter as trustee in bankruptcy of this Chapter 7 estate, is denied.

SETTLE ORDER on notice.