**In re COHOES INDUSTRIAL TERMINAL, INC., Debtor.**

**No. 88 Civ. 2825 (CLB).**

United States District Court, S.D. New York.

July 29, 1988.

David M. Siegal, Zubres, D'Agostino & Hoblock, P.C., Albany, N.Y., for Latham Sparrowbush Assoc.

Leon C. Baker, White Plains, N.Y., for debtor.

## MEMORANDUM AND ORDER

BRIEANT, Chief Judge.

By motion fully submitted on June 2, 1988, this Court is asked to review the March 14, 1988 order of Bankruptcy Judge Howard Schwartzberg, 83 B.R. 256 (Bank. S.D.N.Y.1988), which held that judgment creditor Latham Sparrowbush Associates ("LSA") was entitled under 11 U.S.C. § 702(a), the relevant provision of the Bankruptcy Code, to elect a Chapter 7 trustee for debtor Cohoes Industrial Terminal, Inc. ("Cohoes" or "the Debtor"). For the reasons and in the manner discussed within, we affirm the order of the bankruptcy court.

*Facts*

Creditor LSA, a former tenant of the debtor, asserted approximately $2.5 million dollars in claims against debtor's Chapter 11 estate. After a nine-day trial in August of 1987, Judge Schwartzberg issued an order, dated October 9, 1987, which allowed LSA's claim in the amount of $838,724.00. Cohoes and the Chapter 11 trustee appealed from the bankruptcy court's ruling to the extent it allowed claims in excess of $115.00; LSA cross-appealed to the extent some of its claims were disallowed.

This Court affirmed the October 9 order in its entirety on May 2, 1988. The Debtor has appealed that ruling to the Second Circuit Court of Appeals, and that appeal remains undecided.

The Debtor's estate was converted from Chapter 11 to Chapter 7 on December 17, 1987, and the United States Trustee subsequently appointed an interim Chapter 7 trustee. Because this conversion made the matter a "new" Chapter 7 case, an initial creditors' meeting was held, pursuant to Code § 341(a), on February 4, 1988 the ("§ 341 meeting"). At this meeting, LSA held a proxy for Niagara Mohawk Power Corporation ("Mohawk"), Cohoes' only other voting, non-inside creditor[1]. Bankruptcy Code § 702(b) requires that creditors who wish to elect a permanent trustee must hold at least 20% of the claims authorized to vote under Code § 702(a). Voting both its own interest and the Mohawk proxy, LSA nominated and elected Ann E. Pitter to be Debtor's permanent Chapter 7 trustee.

---

1. The only other outside claim, held by Blue Cross/Blue Shield in the approximate amount of $1,700, had been satisfied out of the Chapter 11 estate.

·Debtor's president and counsel Mr. Baker objected on behalf of himself and his wife as stockholders and/or creditors, that LSA was prohibited by Code § 702(a) from voting for a trustee, or soliciting proxies for such a vote, on three grounds: (1) Code § 702(a)(1), which prohibits a holder of a disputed claim from voting for a trustee; (2) Code § 702(a)(2), which prevents a creditor whose interest is "materially adverse" to the interest of another creditor from voting; and (3) Bankruptcy Rule ("B.R.") 2006, which precludes parties not eligible under Code § 702(a) from soliciting proxies from eligible parties.

Mr. Baker argued, and continues to urge, (1) that LSA falls within the prohibition of Code § 702(a)(1), because its claim was rendered "disputed" by Cohoes' appeal to this Court from Judge Schwartzberg's October 9 order, and (2) that LSA is ineligible under Code § 702(a)(2), because the allowance of LSA's claim would diminish the recovery of other creditors. Judge Schwartzberg rejected these arguments in the March 14, 1988 decision appealed from herein.

### Disposition

Section 702(a) of the Bankruptcy Code provides:

(a) A creditor may vote for a candidate for trustee only if such creditor—

(1) holds an allowable, undisputed, fixed, liquidated, unsecured claim of a kind entitled to distribution under [various sections] of this title;

(2) does not have an interest materially adverse, other than an equity interest that is not substantial in relation to such creditor's interest as a creditor, to the interest of creditors entitled to such distribution; and

(3) is not an insider.

For purposes of this decision, the Court assumes that all relevant creditors are entitled to distribution under the sections identified in Code § 702(a)(2).

### Disputed or undisputed claim

Debtor's argument that LSA's judgment claim is disputed within the meaning of Code § 702(a)(1) is most persuasive when least considered: at first glance, it would appear that a judgment which is the subject of an appeal is "disputed", as that word commonly is understood. But while it is often appropriate to rely on a word's everyday meaning in the resolution of legal disputes, such literalism in the case at hand would lead us to a result that does not fit into the scheme of the bankruptcy code and rules.

Bankruptcy Rule 2003(b)(3) provides in relevant part:

"Notwithstanding objection to the amount or allowability of a claim for the purpose of voting, the court may, after such notice and hearing as it may direct, temporarily allow it for that purpose in an amount that seems proper to the court."

Judge Schwartzberg found the hearing authorized by this provision unnecessary in this case. In dismissing the Debtor's argument that LSA's claim was disputed for purposes of Code § 702(a)(1), the bankruptcy court applied B.R. 2003(b)(3) [2] and concluded that "when the court has already established the allowed amount of a claim after a full trial, where the debtor and the creditor presented evidence as to the claim, such creditor may thereafter vote its claim for the election of a trustee." *March 14 decision, supra,* at 258.

Judge Schwartzberg noted that "the provisional allowance of disputed claims 'for the purpose of expeditiously selecting a trustee has long been recognized.'" *Id.* at 258, *quoting, In re A & J Elastic Mills, Inc.,* 34 B.R. 977, 979 (S.D.N.Y. 1983).

 Because B.R. 2003(b)(3) contemplates that the holder of a claim disputed as to amount or allowability may vote for a trustee, it conflicts with the narrow interpretation of Code § 702(a)(1) urged by Mr. Baker. This Court concludes that Code § 702(a)(1) must be read consistently with

---

**2.** While Judge Schwartzberg did not temporarily allow LSA's claim under B.R. 2003(b)(3) before the § 341 meeting, he could have done so, and could have relied on the authorization of B.R. 2003(b)(3) in dismissing Mr. Baker's objection.

B.R. 2003(b)(3). Since LSA and Mohawk were the only parties eligible to vote at the § 341 hearing, no purpose would be served by requiring a formal allowance of the creditor's claim under B.R. 2003(b)(3) for purposes of voting. It was within the power of the bankruptcy court to permit LSA to vote its interest and the Mohawk proxy at the § 341 hearing; the court did so, and we affirm.

### Material adversity

■ Debtor also argues that LSA should not have been permitted to vote for the Chapter 7 trustee, because LSA's interests were "materially adverse" to the interests of various Baker affiliates that allegedly hold unsecured claims [3]. While these affiliates, as insiders, are not eligible to vote under Code § 702(a)(3), Mr. Baker correctly observes that this does not preclude consideration of their interests when evaluating LSA's eligibility under Code § 702(a)(2). *See, In re Lang Cartage Corp.*, 20 B.R. 534 (Bank.E.D.Wisc.1982).

■ Although Mr. Baker did not raise this point in his Designation of Issue on Appeal under B.R. 8006 [4], we will consider the argument, since B.R. 8006 "is not intended to bind either party to the appeal as to the issues that are to be presented." *Norton's Bankruptcy Rules, Rule 8006* (Editor's comments), page 750.

■ The determination of whether an interest is materially adverse requires a balancing of competing factors. *See generally, 4 Collier on Bankruptcy* ¶ 702.01[2]. This Court concludes that LSA's interests are not materially adverse to those of the other creditors within the meaning of the statute. In each of the cases on which Mr. Baker relies, a party that had received a preference was found to have interests materially adverse to the interests of other creditors, without preferences. *See, In re Lang Cartage, Corp.,*

*supra,* 20 B.R. at 535–36; *see also, In re Blesi,* 43 B.R. 45, 47 (Bankr.D.Minn.1984).

There has been no allegation on this appeal that LSA has received a preference; in his attempt to establish material adversity, Mr. Baker relies solely on the fact that, if LSA gets more from the Debtor's estate, the affiliated Baker creditors will get less. *See, Debtor's Reply Brief,* page 3. Such a "conflict" is inherent to the creditors of any insolvent entity. "The mere suspicion that an unsecured creditor has been given a preference [over other unsecured creditors] is insufficient to brand the creditor as the holder of a materially adverse interest." *In re Metro Shippers, Inc.,* 63 B.R. 593, 598 (Bankr. E.D.Pa.1986), *citing, In re Hale Desk Co.,* 89 F.2d 1 (2d Cir.1937) (decided under the Bankruptcy Act of 1898). Had Congress intended for Code § 702(a)(1) to disenfranchise virtually all creditors, it would have so stated, particularly since it must have been aware that the largest creditor typically selects the Debtor's trustee.

### Conclusion

LSA's claim arising from the October 9, 1987 order of the bankruptcy court is not "disputed" for purposes of Code § 702(a)(1). LSA's nomination and election of Ann Pitter as Debtor's Chapter 7 trustee therefore was proper. Because LSA does not have an interest materially adverse to other creditors under Code § 702(a)(2), B.R. 2003(b)(3) does not operate to preclude or void its voting of the Mohawk proxy.

The order of the bankruptcy court is affirmed in full.

SO ORDERED.

---

3. While the schedule of creditors is not included in the record on appeal before this Court, we accept Mr. Baker's representations concerning the existence of these creditors, at least for current purposes.

4. The sole issue so designated was whether "the claim of [LSA], the partial allowance of which was the subject of an appeal and cross-appeal, [was] a disputed claim, disqualifying LSA from voting for a Chapter 7 trustee and from soliciting proxies with respect to the election of a trustee?"