## In re COHOES INDUSTRIAL TERMINAL, INC., Debtor.

**Anne E. PITTER, as Chapter 7 Trustee of the debtor Cohoes Industrial Terminal, Inc., Plaintiff,**

v.

**Leon C. BAKER, Cohoes Associates, a limited partnership and Cohoes Terminal Corporation, Defendants.**

**Bankruptcy No. 86 B 20201.**

United States Bankruptcy Court, S.D. New York.

Aug. 16, 1988.

Leon C. Baker, White Plains, N.Y., for debtor and defendants.

Summit Rovins & Feldesman, New York City, for trustee.

## DECISION ON MOTION FOR SUMMARY JUDGMENT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtor has filed two motions for summary judgment claiming that no factual dispute exists regarding the two adversary proceedings and other various actions brought on by the trustee against the debtor. The trustee, in her adversary proceeding, is seeking a determination that a lease, which is the only remaining asset of the debtor in addition to approximately $350,000, was not terminated and may be assumed by the trustee. Additionally, the trustee seeks to recover alleged improper post-petition payments made by the debtor-in-possession while under the control of one of the defendants, Leon C. Baker, and to hold the defendants responsible for the diversion of rent receipts and the their post-petition return of funds to the debtor's subtenants. The trustee argues there are various factual disputes which exist which may be resolved with further discovery and requests the motion for summary judgment be denied. Finally, the trustee requests sanctions be imposed upon the debtor's attorney for the filing a motion that is not warranted by existing law.

## FACTUAL BACKGROUND

1. On April 28, 1986, the debtor, Cohoes Industrial Terminal, filed with this court its petition for relief under Chapter 11 of the Bankruptcy Code. The debtor was named as lessee under a leasehold interest. This lease involved an industrial terminal located at 100 North Mohawk Road, Cohoes, New York. The lessor of these premises is the Coleman Capital Employees' Profit Sharing Trust which is an entity controlled by Leon Baker, who is also special counsel and a shareholder and president of the debtor. When the Baker-controlled debtor did not pay rent to the Baker-controlled lessor the latter terminated the lease and put in as a new tenant another Baker-controlled entity which he formed, known as Cohoes Terminal, Inc.

2. In October of 1986, the debtor, without court approval, paid Niagara Mohawk a pre-payment for future utility services which resulted in a credit balance in the debtor's favor of $36,514.07. It is alleged that by the end of November 1986, the debtor's account still had a credit balance of $24,816.24.

3. In October of 1986, the debtor, without court approval, refunded to its subleasees pre-paid rent amounting to nearly $70,000.

4. By decision of this court dated October 10, 1986 and order dated October 27, 1986, a Chapter 11 trustee was appointed. *In re Cohoes Industrial Terminal, Inc.*, 65 B.R. 918 (Bankr.S.D.N.Y.1986).

5. By decision of this court dated October 9, 1987, Lathem Sparrowbush Associates ("LSA") obtained a judgment against the debtor in the approximate amount of $840,000. *In re Cohoes Industrial Terminal, Inc.*, 78 B.R. 681 (Bankr.S.D.N.Y.1987) *aff'd* 87 Civ. 8919 (S.D.N.Y. May 2, 1988 Brieant, C.J.).

6. On December 17, 1987 an order was entered converting this case to Chapter 7. A trustee was retained by order of this court dated April 4, 1988. The Baker-controlled entities objected to LSA's voting for a trustee. This court's decision dated March 14, 1988, which approved the trustee's election, *In re Cohoes Industrial Terminal*, 83 B.R. 256 (Bankr.S.D.N.Y.1988), was affirmed by the District Court, 90 B.R. 67 (S.D.N.Y.1988)(Brieant, C.J.).

## DISCUSSION

In ruling on a motion for summary judgment the court's function is to determine whether a genuine issue as to any material fact exists, not to resolve any factual issues, *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The court must deny summary judgment where there is a genuine issue as to any material fact, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and grant summary judgment where there is no such issue and the movant is entitled to judgment as a matter of substantive law. *Hamilton v. Smith*, 773 F.2d 461 (2d Cir.1985). The moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which entitle him to judgment as a matter of law. *Katz v. Goodyear Tire & Rubber Company*, 737 F.2d 238, 244 (2d Cir.1984); *See* 2 J. Moore, A. Vestal, P, Kurkland, Moore's Federal Practice and Procedure § 17.10 at 17–34 (2d ed. 1987).

### The Lease

The first count of the trustee's complaint claims the lease for Cohoes Industrial Terminal, under which the debtor was the lessee before the lease was transferred to the newly created Baker-controlled entity, Cohoes Terminal Inc., was never terminated and therefore, the estate may assume the lease for the benefit of the estate pursuant to 11 U.S.C. § 365. The debtor argues that the lease was terminated in October 1986 as a result of a letter sent by Leon Baker to the debtor wherin he expressed the debtor's intent to terminate the lease. Even if the letter did not terminate the lease, the debtor argues that the lease terminated by its own terms in November of 1986. Furthermore, the debtor argues that even if it did not properly terminate the lease or the lease did not terminate by its own terms, the Chapter 11 trustee failed to assume the lease within 60 days of the filing of the Chapter 11 petition and the Chapter 7 trustee failed to assume the lease after 60 from the conversion of the debtor from Chapter 11 to Chapter 7 in compliance with 11 U.S.C. § 365. The debtor also asserts that even if the lease is still effective the value of the lease is so minimal that it has absolutely no value to the debtor's estate.

The trustee states that the lease was not terminated because the debtor exercised its option to renew and therefore the lease did not terminate by its own terms. The trustee bases this conclusion on the information included in the memoranda of lease recorded pursuant to New York Real Property law and on the fact that the debtor included the lease as an asset on its schedules filed with court with its bankruptcy petition. This memoranda stated the duration of the lease was 30 years, as opposed to stating the duration was 20 years with an option to renew for 10 years. The schedules stated the lease was worth $100,000 at the time of the filing of the schedules.

Assuming the lease was not terminated, the Chapter 7 trustee states that the reason the Chapter 11 trustee neglected to assume the lease within 60 days of the filing of the bankruptcy petition was because Leon Baker and the Chapter 11 trustee entered into an agreement whereby the Chapter 11 trustee agreed to wait until the outcome of the debtor's litigation with Lathem Sparrowbush Associates. Because the trustee agreed to leave in abeyance all administrative matters in the bankruptcy, the Chapter 7 trustee argues she retained the right to assume the lease once the litigation with LSA terminated. This litigation has not terminated and is the subject of an appeal. Meanwhile, the debtor's case was converted to Chapter 7. Therefore, the Chapter 7 trustee contends that she had 60 days from the day of conversion to assume the lease.

Although the Chapter 7 trustee acknowledges that she did not assume the lease within the requisite 60 days, she claims that she was unaware the lease continued to exist until she received documents from the Chapter 11 trustee and the debtor which indicate the lease was not terminated. The trustee has represented to this court that she has had a difficult time in acquiring the documents from all the parties, and for this reason she was not able to determine the existence and viability of the lease until after the 60 day period expired.

Regarding the value of the lease, the trustee claims the lease has at a least a value of $100,000, which was the value stated by the debtor in its schedules filed with court. The debtor now argues that the lease was terminated and is therefore valueless and that even if it was not terminated, the lease is worthless.

■ Obviously, there are many facts in dispute regarding the viability of this lease. Contradictions by the debtor are rampant and issues of waiver and estoppel prevail concerning the proper actions by the Chapter 11 and Chapter 7 trustees. This court is unable to determine the actual facts without an evidentiary hearing which would allow evidence of the value of the lease, if any, and of the viability or termination of the lease. Accordingly, summary judgment is denied on this motion.

## Post–Petition Payments

Regarding the debtor's motion for summary judgment on count 2, the trustee requests that this motion be denied for two reasons: (1) the debtor failed to file a statement of material facts as to which the moving party contends there is no genuine issue to be tried pursuant to Local Bankruptcy Rule 13(h); (2) material issues of fact exist which must be parsed out in an evidentiary hearing which precludes summary judgment.

The trustee raised at trial the debtor's failure to comply with Local Bankruptcy Rule 13(h) with regard to count 2 of her complaint. At that time Leon Baker, as debtor's counsel, stated he would serve the trustee with a 13(h) statement. The court stated the trustee would then have an opportunity to respond. By letter dated July 22, 1988, the attorneys for the trustee informed the court that a 13(h) statement had not been served upon them and they would, therefore, be unable to respond. By letter dated July 28, 1988, Leon Baker sent a letter to the court in response to the trustee's attorneys' letter, the gist of which stated he believed the trustee, by being nit-picky about compliance with Local Bankruptcy Rule 13(h), was attempting to divert this court's attention away from the fact that no material issues exist that must be litigated.

Mr. Baker believes that because, to him, there is no dispute as to the facts in these actions, that a 13(h) statement is unnecessary. However, Mr. Baker represented to this court that he would comply with Rule 13(h) and then renegged on this representation. Moreover, Mr. Baker self-servingly concludes that even if the court follows the trustee's counsel's "pointless suggestion", which is to deny the motion for failure to comply with rule 13(h), that it would be useless "because either the motions would be renewed or the court would have to conduct a needless trial on non-existent issues of fact". Mr. Baker puts the onus upon the trustee to demonstrate that material issues of fact exist.

■ Mr. Baker elides the point that the party seeking summary judgment has the burden of proving an absence of material issues of fact. It is not the trustee's responsibility to prove the issues exist unless it is in the form of rebuttle to the moving party's statements. As far as this court is concerned, the debtor's motion for summary judgment is deficient and should be dismissed for failing to comply with Rule 13(h) and for ignoring the direction of this court to serve a 13(h) statement on the trustee.

However, in light of Mr. Baker's expressed intention that he will renew this motion for summary judgment, and assuming the renewed motion would comply with all relevant service and pleading requirements, this court will now address the sub-

stantive issues of the summary judgment motion, for reasons of judicial economy.

■ Count two of the trustee's complaint seeks to recover post-petition payments made by the debtor while under the control of Leon Baker. Regarding the prepayment of the Niagara Mohawk electric bill in October 1986, factual issues exist as to whether or not the debtor should have pre-paid for electricity services for that portion of the pre-paid time the debtor claims the lease with the debtor had been terminated. Additionally, an issue exists as to whether this payment was in the ordinary course of business which would entitle the debtor to prepay this bill without court approval. 11 U.S.C. § 363(b). Even if the payment were made in the ordinary course of business, monies may still be owed to the estate if the lease terminated and was transferred to Cohoes Terminal Inc., the newly created Baker entity, which would then have received the benefit of the electricity for the balance of the duration of the pre-payment.

The trustee also claims that although the debtor prepaid the Niagara Mohawk bill, the debtor was deprived of the rents under the subleases for the month of November 1986. The trustee states that the rent receipt book for that period, originally maintained for the debtor and continued for Cohoes Terminal Corporation, shows that the rents for November 1986 were diverted to Cohoes Terminal Corporation, which amounted to $37,160.41. Similarly, at Leon Baker's direction, and without approval by this court, in October 1986 the debtor refunded to its subleasees pre-paid rent amounting to nearly $70,000. The trustee contends that this rent was repaid as a goodwill gesture so that the tenants would continue in possession under the subleases with the newly created Baker-controlled entity known as Cohoes Terminal Corporation and that this substituted lessee would reap the benefit of the goodwill rent refund paid by the debtor before the Baker–controlled lessor terminated the debtors lease.

Additionally, the trustee seeks return of funds taken by Leon Baker to pay sanctions imposed upon him by a New York State Judge. Mr. Baker admits that he took the funds out of the debtor's estate to pay sanctions imposed against him, not the debtor.

The ground for the debtor's motion for summary judgment is that the trustee's remedy is not against the debtor, but, if the payments were improper, the trustees remedy is to avoid the transfers under Bankruptcy Code § 549 and to recover the payments from the transferees under Bankruptcy Code § 550.

The debtor does not deny that the rent was repaid but claims that these advance rents, which were paid by the subtenants to aid the debtor with its cash flow deficit in January 1986, were entitled to be returned upon the termination of the debtor's sublease of the Cohoes Industrial Terminal.

Regarding the pre-payment to Niagara Mohawk, the debtor claims that these monies paid of the electric used by the Cohoes Industrial Terminal up to the time of the debtor's termination of the lease. The debtor states that no money is owed to the estate by the debtor or by Cohoes Terminal Corporation.

Obviously, a plethora of facts exist regarding the amount of money owed, if any, to the debtor's estate. Additionally 11 U.S.C. § 550 expressly authorizes the trustee to recover the improper payments from "the entity for whose benefit such transfer was made". An evidentiary hearing is necessary to determine whether the debtor was indeed the beneficiary of the post-petition payments, whether they were made in the ordinary course of business, and what amount, if any, the trustee is entitled to recover. Accordingly, this court determines that a motion for summary judgment on count two is not warranted in light of the material factual issues which must first be resolved before the dispute between the parties can be determined as a matter of law.

## CONCLUSIONS

1. The debtor's motion for summary judgment on count 1 of the trustee's com-

plaint is denied because there exist material issues of fact.

2. The debtors motion for summary judgment on count 2 of the trustee's complaint is denied both because the debtor failed to comply with Local Bankruptcy Rule 13(h) and because material issues of fact exist which must be adduced at a trial.

3. The trustee's motion for sanctions against Leon Baker is denied.