**In the Matter of E. James KULA, Debtor.**

**Bankruptcy No. BK86–159.**

United States Bankruptcy Court, D. Nebraska.

Sept. 28, 1989.

W. Eric Wood, Omaha, Neb.

John Hahn, Lincoln, Neb.

Chris Connolly.

Patricia Dugan, Omaha, Neb., Asst. U.S. Trustee.

Michael Heavey, Omaha, Neb.

## MEMORANDUM

JOHN C. MINAHAN, Jr.,
Bankruptcy Judge.

This Chapter 11 case is before the court for consideration of an Objection to Claim (Fil. # 265) and Resistance by the debtor's children (Fil. # 272).

A creditor's plan was confirmed in this case on February 5, 1987, under which an examiner was appointed. The plan provided that the examiner "shall have the right to begin or continue any adversary proceeding or contested matter permitted under the Bankruptcy Code." The plan further provided that the Examiner "shall have all the rights and powers of an Examiner under Chapter 11 of the Bankruptcy Code and all the rights and powers of a Trustee under Title 11, United States Code."

The examiner filed an Objection to the Claims of the debtor's children (Fil. # 265) on June 16, 1989. This objection was filed approximately two years and four months after the date of confirmation.

The resistance raises two preliminary issues which are now before the Court. First, does the examiner in this case have standing to object to claims? Second, was the objection to claims filed too late?

█ The first issue is readily resolved as it appears that the examiner in this case clearly has standing to object to claims. Any party in interest may object to the allowance of a claim. *See*, 11 U.S.C. § 502(a); 3 *Collier on Bankruptcy* ¶ 502.01[2] (15th ed. 1988). A trustee is a party in interest and the examiner in this case has the rights of a trustee.

The second issue is more cumbersome as it involves the issue of whether there is a deadline for objecting to claims in a Chapter 11 case. Bankruptcy Rule 3007 provides no deadline for filing objections to claims. Although a plan of reorganization may set a deadline for filing objections to claims, the plan in this case provides no deadline. Counsel for the debtor's children argues that objections to claims must be filed before confirmation of a Chapter 11 plan, and he relies heavily upon the fifth circuit decision of *In re Simmons*, 765 F.2d 547 (5th Cir.1985).

█ I conclude that the rule of decision in *In re Simmons* should not apply in this case. *In re Simmons* involved a Chapter 13 case in which the confirmed plan treated a claim as unsecured and the treatment was inconsistent with a previously filed proof of secured claim. The fifth circuit held that the creditor was not bound by the confirmed plan. In *In re Simmons*, the court reasoned that a debtor should not be permitted to circumvent the objection to claims procedure, which involves the commencement of a contested matter, by simply filing a Chapter 13 plan which was inconsistent with the proof of claim. Under those circumstances the confirmation of the plan is not *res judicata* on the validity of the proof of claim. Thus, if a creditor files a proof of a secured claim and the confirmed Chapter 13 plan provides the creditor with only an unsecured claim, the creditor is not bound by the plan's treatment of the claim. *In re Simmons*, 765 F.2d at 555–56; *Matter of Stein*, 63 B.R. 140 (Bkrtcy.D.Neb.1985). The rule of decision of *In re Simmons* should be restricted to its facts. It would be erroneous to conclude, as a general matter, that objections to claims must be filed before confirmation in a Chapter 11 case. It "would not seem appropriate to fix confirmation as a deadline for claim objections in a Chapter 11, 12 or 13 case." 8 *Collier on Bankruptcy* ¶ 3007.03[5] (15th ed. 1988). This is particularly true in a case, like this one, which involves a creditor's plan which provides that the confirmation date shall serve as the bar date for filing claims and that an examiner would be appointed with the power to begin or continue contested matters. The confirmed plan permits the examiner

to object to claims. Since, under the plan, the confirmation date is the deadline for filing a proof of claim, logic requires that the deadline, if any, for filing an objection to claim be on some date after the confirmation date.

Given the conclusion that confirmation does not provide a deadline for objecting to claims in a Chapter 11 case, and given the fact that Rule 3007 imposes no deadline for filing an objection to claim, may the examiner file an objection some two years and four months after confirmation? On the facts of this case, I conclude that the Objection to Claim was timely filed and that it should be considered on its merits. Several factors weigh in favor of permitting the objection to be made more than two years after confirmation.

First, the plan contemplates that the examiner may commence contested matters. Second, the plan provides that the court retain jurisdiction to, among other things, allow claims and hear objections. Third, under the plan, the confirmation date was the claims bar date. Fourth, the examiner has not completed administration of the estate under the plan and the examiner still holds funds for distribution to creditors. Fifth, although distributions of funds have been made to some creditors, no distributions have been made to the debtor's children on account of the disputed claims. There is no estoppel argument. Sixth, the debtor's children have not asserted the doctrine of laches, and there appears to be no basis for invocation of that doctrine. Seventh, the time for asserting the underlying claims by the debtor's children against the debtor has not expired under the applicable state statute of limitations.

A separate order will be entered consistent herewith.

### ORDER

For the reasons set forth in the court's Memorandum of today's date entered contemporaneously herewith,

IT IS ORDERED, ADJUDGED AND DECREED, that

1. The Objection to Claims (Fil. # 265) was timely filed and the Resistance is hereby overruled to the extent provided herein.

2. The Clerk shall issue a pretrial order in accordance with my prior order (Fil # 277).