**In re Richard D. YENTIS, Debtor.**

**COUNCIL OF APARTMENT OWNERS OF BELLAIRE HOUSE CONDOMINIUMS, INC., Appellant,**

v.

**Richard D. YENTIS and Read Investments, Ltd., Appellees.**

**Civ. A. No. 4–90–721–A.**

United States District Court, N.D. Texas, Fort Worth Division.

March 21, 1991.

Shelton Barcus Hunter, Fort Worth, Tex., for appellant.

Josephine Garrett, Fielding Barrett Hunter & Taylor, Fort Worth, Tex., for Read Investments Ltd.

## MEMORANDUM OPINION AND ORDER

McBRYDE, District Judge.

This action comes before the court as an appeal from orders of the United States Bankruptcy Court, Northern District of Texas, Fort Worth Division, the Honorable Massie Tillman presiding. The court, having reviewed the briefs of appellant, Council of Apartment Owners of Bellaire House Condominiums, Inc., ("Council"), and appellee Richard D. Yentis ("debtor"),[1] the record on appeal, and applicable authorities, has determined that the bankruptcy court erred in dismissing the adversary proceeding.

### Nature of the Adversary Proceeding that was Dismissed

Council's adversary complaint alleges that: Council is the holder of pre-bankruptcy filing contractual liens against two units, units 6 and 44, of the Bellaire House Condominiums. The liens exist as collateral to secure unpaid condominium assessments owed by debtor to Council. Council timely filed proofs of claim as a secured creditor, and neither debtor nor any other person has objected to those claims. On March 15, 1989, the bankruptcy court ordered confirmation of debtor's First Amended Plan of Reorganization ("Plan"), under the terms of which Council was classified as a Class 3 creditor, who, under the terms of the Plan, was entitled to have its collateral abandoned "[a]fter valuation by the Court or by agreement." Council considers that the value of unit 44 is adequate to secure its claim for past due assessments. The Plan purports to give Read Investments, Ltd. ("Read"), a family limited partnership comprised of members of debtor's family and trusts existing for their benefit, a lien on unit 44.

Bryan David Bruner, Wynn Brown MacK Renfro & Thompson, Fort Worth, Tex., for debtor.

---

1. Appellee Read Investments, Ltd., did not file a brief on appeal.

The prayer for relief in the complaint asks that the court find that Council is a Class 3 Claimant, as that term is defined in the Plan, order that debtor execute a warranty deed, pursuant to 11 U.S.C. § 1142, conveying unit 44 to Council, declare the "lien" of Read to be null and void, and award Council its attorney's fees and costs.

Debtor responded to the complaint with a motion pursuant to Bankr.R. 7009(a) and 7012(b), which, presumably, was intended to be a motion pursuant to Fed.R.Civ.P. 9 and 12. The grounds of the motion are, *inter alia,* that (i) the court lacks jurisdiction of debtor's person because he was not served with process in any of the manners authorized by Bankr.R. 7004, (ii) the court lacks jurisdiction over debtor's person if he is sued as an individual or for any act or omission after the date of the order confirming the Plan, (iii) the court lacks jurisdiction of the subject matter if the complaint arises out of some act or omission subsequent to the date of the order confirming the Plan, (iv) the complaint fails to state a claim for which relief can be granted, and (v) plaintiff lacks capacity to sue.

Read's affirmative defenses include a contention that Council's complaint fails to state a cause of action upon which relief can be granted.

### Pertinent Parts of Plan

The Plan defines the term "Secured Claim" as follows:

1.24 *Secured Claim.* Any claim secured by property of the Debtor, to the extent of the value of the collateral.

Other pertinent parts of the Plan provide:

### IV.

### DIVISION OF CREDITORS INTO CLASSES

4.1 *Class 1.* Creditors having cost claims.

4.2 *Class 2.* Secured claims of Allied Bank of Lakewood, American National Mortgage Company, Inc., Bailey Mortgage Company, Bank of Dallas, George Goldstone, Mortgage & Trust, Inc., and Colonial Savings.

4.3 *Class 3.* Secured claims of West Chase Trust, and any other Secured Claimant not designated a Class 2 Claimant.

. . . .

4.6 *Class 6.* Creditors having unsecured claims.

. . . .

### V.

### TREATMENT OF THE CLASSES

. . . .

5.3 Class 3 Creditors are impaired. Each Class 3 Creditor will be dealt with as though a separate class. After valuation by the Court or by agreement, each Class 3 Creditor's collateral, if any, will be abandoned to that Creditor and the remaining claim, if any, will become a Class 6 Claim.

. . . .

### VI.

### PROVISIONS FOR EXECUTION OF THE PLAN

. . . .

6.4 At closing the following will occur:

. . . .

d. READ will borrow the sum of $100,000.00 from The P.A. and execute and deliver to The P.A. liens and security interests in all its assets. The sums borrowed will be loaned to the Debtor who will grant liens and security interests in the assets described in Exhibit "D" to READ. The proceeds loaned will be deposited in the Second Fund.

. . . .

6.5 Upon Final Confirmation the Debtor shall be fully revested with title to all property of the Estate and shall be fully empowered to deal with it for all purposes and without further order of the Court.

. . . .

## IX.

### RETENTION OF JURISDICTION

9.1  The Court shall retain jurisdiction over this proceeding after Confirmation for the following purposes:

a.  To hear and determine objections to claims.

. . . .

c.  To hear and determine any dispute arising out of this Plan.

d.  To enforce all discharge provisions of this Plan.

Exhibit "D" to the Plan is a list of collateral for Read's proposed loan to debtor. Item 3 on the exhibit is unit 44 in which Council claims a security interest.

### Action In and Rulings of Bankruptcy Court

At a non-evidentiary hearing, the bankruptcy court, after hearing argument, expressed the belief that the *Arctic* case [2] is controlling and that, therefore, "there is no claim to be heard in this Adversary Action." Transcript of 3/22/90 hearing at 11 [hereinafter cited as Tr. 3/22/90]. This appears to have been tantamount to the grant of a Fed.R.Civ.P. 12(b)(6) dismissal for failure to state a claim upon which relief can be granted on the ground that the confirmed Plan extinguished Council's liens because of not having been expressly preserved in the Plan. *See* Tr. 3/22/90 (arguments and comments) *and In re Arctic Enterprises, Inc.,* 68 B.R. at 78.

■ On April 24, 1990, the bankruptcy court signed an order decreeing in a general way that the debtor's motions pursuant to Bankr.R. 7012(b) and 7009(a) are granted and that Council's complaint be dismissed. The order contained a number of findings of fact and conclusions of law. Inasmuch as there was no evidentiary hearing and no occasion for resolution of disputed facts, the court is treating all of the findings of fact and conclusions of law as being in the nature of legal conclusions reached by the bankruptcy court.

Council filed a motion for reconsideration, to amend findings of fact and conclusions of law and to make additional findings. The bankruptcy court had a non-evidentiary hearing on this motion, following which, on August 2, 1990, the bankruptcy court signed an order denying the motion for reconsideration. The bankruptcy court made further findings of fact and conclusions of law. Again, the court is treating all of them as legal conclusions of the bankruptcy court.[3]

### Issues on Appeal

Debtor states that the following issues are presented on appeal:

*Issue 1.*  Whether Council, by seeking enforcement of the provisions of the Plan, has stated a claim upon which relief can be granted;

*Issue 2.*  Whether Council's timely filed proof of claim should be deemed allowed pursuant to 11 U.S.C. § 502(a);

*Issue 3.*  Whether or not Council's lien on unit 44 of the Bellaire House Condominiums was a secured claim under 11 U.S.C. § 502(a);

*Issue 4.*  Whether the bankruptcy court abused its discretion in failing to follow the interpretation of 11 U.S.C. § 502(a) as announced by the Fifth Circuit in *In re Simmons,* 765 F.2d 547, 544 (5th Cir.1985);

*Issue 5.*  Whether the bankruptcy court abused its discretion in granting debtor's motion to dismiss;

*Issue 6.*  Whether the Plan provides for the treatment of Council's lien claim or whether the Plan extinguishes Council's lien;  and

*Issue 7.*  Whether debtor was properly served with Council's adversary complaint.

The court notes that Issue 2 was not listed in Council's designation of the record

---

**2.** *In re Arctic Enterprises, Inc.,* 68 B.R. 71 (D.Minn.1986).

**3.** In its "Findings of Fact" in each order, the bankruptcy court seems in some instances to have gone outside the record of the adversary proceeding for the purpose of gaining information upon which to base findings.

and statement of issues pursuant to Bankr.R. 8006, nor did Council file an amended statement of the issues. Accordingly, the court could disregard Issue 2 as having been waived. *In re Pine Mountain, Ltd.*, 80 B.R. 171, 173 (Bankr. 9th Cir.1987); *but see, In re Cohoes Industrial Terminal, Inc.*, 90 B.R. 67, 70 (S.D.N.Y. 1988). Because no objection has been raised by debtor, the court will nevertheless consider each issue as having been properly preserved for review on appeal.

### Standard of Review

Inasmuch as the appeal presents only questions of law, the bankruptcy court's judgment is subject to *de novo* review. *In re Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1252 (5th Cir.1986).[4]

### Discussion

Considering first Issue 4, the court notes that the question in *Simmons* was at what point in time a secured claim, proof of which had been timely filed in a Chapter 13 case, must be allowed. *Simmons*, 765 F.2d at 553. The Fifth Circuit determined that a proof of secured claim must be acted upon before confirmation of the Chapter 13 plan or the claim must be deemed allowed for purposes of the plan. *Id.* In so holding, the court took into account specific provisions of the Code applicable to Chapter 13 cases and distinct attributes of such cases.

■ In this Chapter 11 proceeding, the *Simmons* analysis does not apply. *In re Kula*, 107 B.R. 225, 226 (Bankr.D.Neb. 1989). Objections to claims in a Chapter 11 case do not have to be filed prior to confirmation of the reorganization plan. *Id.* Neither Bankr.R. 3007 nor the Plan itself fix a deadline for the filing of objections. Rather, the Plan indicates that objections may be filed after confirmation. *See* Plan

at art. IX, 9.1.a (retention of jurisdiction to hear objections to claims).

■ However, until such an objection has been made to a proof of claim, and has been successfully prosecuted, or the claim has been extinguished by confirmation of the plan of reorganization, the claim should be treated as a secured claim and the creditor should be treated as a secured creditor. 11 U.S.C. § 502(a). Here, nothing in the record indicates there has been objection to Council's proof of claim. Moreover, as discussed below, Council's lien was not extinguished by confirmation of the Plan. Therefore, the bankruptcy court should have accepted Council's allegations that it is a secured creditor, and Council's claim as a secured claim, for the purpose of ruling on debtor's motion.

■ Contrary to the conclusion of the bankruptcy court and the position taken by debtor, the *Arctic* case is distinguishable from the case at hand, although the facts of the two cases are very similar. The analogous facts are that a debtor filed a Chapter 11 proceeding; the Chapter 11 petition listed a secured creditor as unsecured; and the creditor timely filed a proof of claim but did not file any objection to the debtor's proposed plan of reorganization or to its treatment under the plan. Significantly, however, the provisions of the plans themselves are different. Although the specific language of the *Arctic* plan is not set forth in the opinion, that plan provided for treatment of the creditor as an unsecured creditor. *In re Arctic*, 68 B.R. at 73. Here, in contrast, the Plan specifically makes provision for the survival of liens of "any other Secured Claimant not designated a Class 2 Claimant." Plan at 4.3. But for that language, Council would have been a Class 6 Creditor under the Plan and

---

4. The court is not mentioning the standard for review of the bankruptcy court's findings of fact because, though each of the bankruptcy court's orders has a section entitled "Findings of Fact," the court does not consider the statements made to be findings in reference to disputed facts but, instead, to be legal conclusions, or, if not, merely a recitation of facts that were assumed by the bankruptcy court to be true for the purpose of the bankruptcy court's rulings. A court would

not have occasion to resolve disputed facts in the course of deciding a Rule 12(b)(6) motion. Unless the motion is treated as a motion for summary judgment, it must be determined by reference to the allegations of the complaint and nothing else. Fed.R.Civ.P. 12(b). Because of the disposition the court is making of the appeal, there need not be an evaluation of whether the bankruptcy court erred in considering matters extraneous to the complaint.

would have received the same treatment as the creditor in *Arctic.*

Council's claim, as it is alleged in Council's complaint, comes within the Plan's paragraph 1.24 definition of "Secured Claim" as it is a claim secured by property of the debtor. As the holder of a secured claim, Council is a "Secured Claimant," as those words are used in paragraph 4.3 of the Plan and, therefore, a Class 3 Creditor. Council's rights as a Class 3 Creditor are defined in paragraph 5.3 of the Plan. Thus, it has the option (1) to require a "valuation by the Court or by agreement" and, after the valuation has occurred, to have the property, unit 44, abandoned to it, and to be in the capacity of a Class 6 Creditor for any excess of its claim over the value of the property, or (2) to waive the valuation and to have the property abandoned to it. The court concludes that Council has these options because the only person who possibly could benefit from the valuation, as the valuation scheme is set forth in paragraph 5.3, is the secured creditor. As the only possible beneficiary thereof, the secured creditor would have the right to waive the valuation and to proceed directly to the abandonment, giving up, in the process, any claim for a deficiency.

The bankruptcy court erred in concluding that Council's lien was not expressly preserved by the Plan. For the reasons given above, Council's lien, along with the liens of all other secured creditors, was expressly preserved by the Plan; and, the Plan made express provision for satisfaction of the claim of Council as well as the claims of all other secured creditors.

■ The provisions of paragraphs 6.4(d) and 6.5 of the Plan must be read in context with the parts of the Plan that precede it.[5] Any lien given by debtor to Read on unit 44, pursuant to the authority of paragraph 6.4(d), is subject to the rights of Council to, and Council's interest in, unit 44 as a secured claimant and under the provisions of paragraph 5.3. In other words, any lien acquired by Read pursuant to paragraph 6.4(d) is subject to defeasance by virtue of the operation of paragraph 5.3. Whatever title to property revested in the debtor by reason of paragraph 6.5 following confirmation is subject to the rights of Council and the other secured creditors. An argument might be made that there are ambiguities in the language of the Plan, but the court has concluded that any apparent ambiguities in the parts pertinent to this action can be resolved on the bases mentioned in preceding parts of this memorandum opinion and order. To the extent that there are apparent ambiguities in the pertinent Plan language, they must be resolved against debtor, as the author of the Plan, and in favor of Council.[6] *In re L & V Realty Corp.,* 76 B.R. at 37.

Thus, the allegations of Council's complaint, and its request for a declaration, that it is entitled to treatment as a Class 3 Creditor under the Plan are not deficient. Council is entitled to have the court determine the merits of their allegations and that request. The court does not mean to imply that there will not be proof in the adversary proceeding that Council does not, in fact, have secured creditor status; but, the court is holding that there is nothing in the language of the Plan that causes Council to lose any status as a secured creditor that it otherwise would have had.

The allegation of the complaint that Council "agrees that the value of the Unit 44 is adequate to secure its claim for the past due assessments and therefore does not seek valuation by the Court" constitutes a waiver of any right Council otherwise might have had to require a valuation

---

5. A plan is in the nature of a contract; therefore, all parts must be read together. *In re L & V Realty Corp.,* 76 B.R. 35, 37 (Bankr.E.D.N.Y. 1987).

6. The court would note, however, that a creditor cannot always sit back and presume that he will be protected by virtue of rules of construction. The Bankruptcy Code contemplates that concerned creditors will take an active role in protecting their claims. *In re Ruti–Sweetwater Inc.,* 836 F.2d 1263, 1267 (10th Cir.1988). If a party has any doubt about the treatment of its claim, it is the responsibility of that party to raise its question by timely filing an objection to the plan. *In re Henderberg,* 108 B.R. 407, 414–15 (Bankr.N.D.N.Y.1989); *In re The Sassi Corp.,* 51 B.R. 534, 542 (Bankr.S.D.Ind.1983).

for the purpose of determining the deficiency, if any. Therefore, Council has stated a cause of action for abandonment to it of unit 44. Council should be afforded an opportunity, by amended complaint, to refine its allegations, and request for relief, relative to the subject of abandonment. If Council chooses to do so, it would have the right to seek a court declaration that title to unit 44 is, by virtue of operation of the Plan, vested in it.

The complaint fails to state a cause of action for the requested relief that the "lien" of Read be declared null and void. Read's lien is subject to the rights of Council as a Class 3 Creditor, but is not null and void. Council should be given an opportunity to amend its complaint for the purpose of seeking a declaration that any right, title or interest acquired by Read in unit 44 is subject and inferior to the interest granted to Council through, and by virtue of, the Plan. The record before the court indicates that Read's only claim to, or interest in, unit 44 is by virtue of a lien created under the authority of paragraph 6.4(d) of the Plan.

For the reasons given above, the court holds for Council as to Issue 6. The Plan does provide for treatment of Council's lien. The lien is not extinguished by the Plan. The court holds for Council on Issue 5 because, for reasons stated above, the bankruptcy court erred in granting dismissal. The court already has indicated the reasons why Issue 4 is to be resolved adversely to Council. Other than Issue 7, the holdings of the court in reference to the other Issues on Appeal are implied in things said in foregoing parts of this memorandum opinion and order. As to Issue 7, there is not sufficient evidence in the record for there to be a determination as to whether debtor was properly served with Council's adversary complaint. The bankruptcy court erred in reaching the conclusion that there was not proper service. Unless Council wishes to re-serve its complaint, the matter of adequacy of service should be the subject matter of an evidentiary hearing to be held by the bankruptcy court.

## ORDER

The court hereby ORDERS that this action be remanded to the bankruptcy court for further proceedings consistent with this memorandum opinion and order.