In re STEPHENSON ASSOCIATES, INC., Debtor.

STEPHENSON ASSOCIATES, INC., Movant,

v.

MIDLAND MECHANICAL CONTRACTORS, INC., and Richard D. Ellenberg, as Trustee of Midland Mechanical Contractors, Inc., Respondents.

Bankruptcy No. A93–64316.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Jan. 10, 1997.

Leon S. Jones, Burton & Anderson, Atlanta, GA, for Movant.

Richard D. Ellenberg, Chapter 7 Trustee.

Tamara Ogier, Ellenberg & Associates, Atlanta, GA, for Chapter 7 Trustee.

## *ORDER*

JOYCE BIHARY, Bankruptcy Judge.

This case is before the Court on cross motions for summary judgment relating to the debtor's objection to the claims asserted by Richard D. Ellenberg, in his capacity as trustee of Midland Mechanical Contractors, Inc. ("Midland"). The debtor in this case is Stephenson Associates, Inc. ("Stephenson" or "debtor"). Both Midland and Stephenson were construction companies. Stephenson argues that any claim by Midland is offset by the prepetition claims which Stephenson has against Midland. Mr. Ellenberg argues that the terms of Stephenson's confirmed plan preclude Stephenson's objections to Midland's claim or, alternatively, that Stephenson's objections are barred by the doctrine of *laches*. After reviewing the briefs and the record in this case, the Court concludes that Stephenson's objections should be sustained, and Midland's claim is disallowed.

The material facts are undisputed. Midland filed a petition for relief under Chapter 11 of the Bankruptcy Code on March 11, 1993. The debtor in this case, Stephenson Associates, Inc., filed a Chapter 11 case on March 23, 1993.

The Midland case, Case No. 93–62925, was also filed in this district and was assigned to the Honorable W. Homer Drake, Jr. On June 24, 1993, the debtor in this case, Stephenson, filed a proof of claim in the Midland bankruptcy for $1,379,505.17. On March 21, 1994, the Court granted the United States Trustee's motion to appoint a Chapter 11 Trustee in the Midland case, and Mr. Ellenberg was appointed as the Chapter 11 Trustee. Some fourteen months later, on May 17, 1995, Mr. Ellenberg filed a motion to convert the Midland case to Chapter 7, and the case was then converted on July 11, 1995. Mr. Ellenberg continued to serve as the trustee.

In the meantime, the Stephenson case moved quickly to confirmation of a Chapter 11 plan. On July 29, 1993, the Court entered an Order confirming Stephenson's Chapter 11 plan. Debtor filed an application for final decree on December 15, 1994, and the case was closed on December 30, 1994. In August of 1995, debtor's counsel filed a motion to reopen the Stephenson case to administer an unscheduled asset, unrelated to the matter now before the Court. The motion to reopen was granted.

·On December 19, 1995, Stephenson filed an objection to any claim by Midland in the Stephenson Chapter 11 case. The Court held a hearing on the objection on February 21, 1996. At the hearing, counsel for Mr. Ellenberg acknowledged that neither Midland or Mr. Ellenberg, as Midland's trustee, ever filed a proof of claim in the Stephenson bankruptcy.

Counsel then described the entries on debtor's schedules pertaining to Midland. Debtor's Schedule F—"Creditors Holding Unsecured Non–Priority Claims"—is some twenty-three pages long. At the top of the first page of Schedule F, debtor's counsel typed the following entry:

" * * All debts reflected unliquidated * * "

Counsel explained that the reason he listed all debts as unliquidated was because the controller had defrauded the company out of untold tens of thousands of dollars (Tr. At 9). Debtor's counsel used this single notation of unliquidated instead of checking a column labeled "CUD" on each line item on each page. (The column "CUD" presumably means contingent, unliquidated, disputed.) Midland is listed on pages eleven, thirteen, and fourteen of the schedules, and there is nothing on these particular pages indicating their unliquidated status. Counsel for Mr. Ellenberg stated that he did not file a proof of claim because he did not understand that the Midland claims were listed as unliquidated.

At the hearing, the Court concluded that the claim should be resolved on the merits. The Court advised counsel that under the circumstances, the Court would decline to hold Mr. Ellenberg's claim as time-barred, that the Court would give Mr. Ellenberg time to file a proof of claim in the Stephenson case, and that counsel should proceed to try the objection on the merits (Tr. At 13).

The Court directed counsel to submit an abbreviated pretrial order in thirty (30) days with respect to the claims objection, so that the matter could be set down for trial. Mr. Ellenberg filed a proof of claim on March 4, 1996, in the Stephenson case for $104,208.00. Counsel filed four joint motions to extend time to file this pretrial order, stating that they needed additional time for discovery and to file motions for summary judgment. On the fourth such request to extend time, the Court wrote "No further extensions." The motions for summary judgment were then filed.

Debtor filed a detailed statement of material facts as to which there is no genuine issue to be tried, along with the affidavit of W. Barry Wallis, the CEO of Stephenson. While the response filed by Mr. Ellenberg argues that Mr. Wallis' affidavit does not support the numbered material facts, the Court has carefully reviewed and compared the material fact statement with Mr. Wallis' affidavit and finds that the statements of material fact are well-supported by the statements in the affidavit. Thus, there is no material dispute of fact with respect to the underlying merits of this dispute.

In 1991, Stephenson contracted with Midland to provide certain labor and services in connection with the construction of the Georgia Dome. The amount of debtor's contract with Midland was $1,440,164.10. As of October of 1992, Midland still owed Stephenson $781,369.70 for the labor and services provided pursuant to the construction of the Georgia Dome. On October 14, 1992, a Consent Judgment in the amount of $781,369.76 was entered in favor of Stephenson against Midland in the Superior Court of Fulton County, based on the amounts owed to the debtor by Midland in connection with the Georgia Dome project. As of the date of Stephenson's bankruptcy, Midland had not satisfied its liability under the Consent Judgment.

Midland also owed the debtor $265,000.00 for services rendered pursuant to the construction of Phase III of Grady Hospital, $333,135.00 for services rendered pursuant to the construction of Phase I of Grady Hospital and other miscellaneous projects, and $351,744.98 for services rendered pursuant to the construction of the Municipal Courthouse. These debts arose prior to the filing of Stephenson's bankruptcy petition.

Under the confirmed plan in the Stephenson case, debtor's claims against Midland, based on the Georgia Dome project and the Grady Hospital Phase III project, were assigned to Nations Bank, an unsecured credi-

tor of the debtor. Debtor's claims against Midland for $333,135.00 based on the Grady Hospital Phase I project and for $351,744.98 based on the Municipal Courthouse project were not assigned to Nations Bank.

As previously stated, debtor filed a proof of claim early in the Midland bankruptcy case for $1,379,505.17. At the present time, debtor's claims against Midland for the $333,-135.00 owed in connection with the Grady Hospital Phase I project and for $351,744.98 owed in connection with the Municipal Courthouse project remain unpaid. Thus, the total amount owed to the debtor Stephenson by Midland is some $684,879.98. This exceeds Midland's claim against Stephenson filed in the amount of $104,208.00.

■ Mr. Ellenberg argues that the Court should not reach the merits of Stephenson's objection to his claim, i.e., whether there is a setoff, such that Stephenson does not owe Midland any money. First, Mr. Ellenberg argues that the order confirming Stephenson's Chapter 11 plan has a *res judicata* effect, precluding any objection to Midland's claim. This argument is without merit. The plan classified all *allowed* unsecured claims as Class Five creditors and provided in § 3.5, "In order for an unsecured creditor to have an allowed claim, said claim must be allowed under 11 U.S.C. § 1111(a) or under 11 U.S.C. § 502(a)." Section 1111(a) provides as follows:

> A proof of claim or interest is deemed filed under § 501 of this title for any claim or interest that appears in the schedules filed ..., except a claim or interest that is scheduled as disputed, contingent, or unliquidated.

As previously described, Stephenson considered all of the unsecured claims to be unliquidated and noted this on the first page of its Schedule F. Mr. Ellenberg takes the position that because this notation appears on page one of Schedule F, and not on pages eleven, thirteen or fourteen of Schedule F, where Midland is listed, that his claim should be "deemed allowed," regardless of whether Midland is really owed any money. This argument was rejected by the Court at the February 21, 1996 hearing, and Mr. Ellenberg was given time to file a proof of claim.

■ Mr. Ellenberg also argues that the debtor's plan precludes any objections to claims after the confirmation. This argument is contradicted both by the terms of the plan and by the case law. Section 5.6 of the plan specifically allows the debtor to file objections to claims or interests and further provides that those objections will be resolved by the Bankruptcy Court. In fact, the debtor filed several objections to proofs of claim after confirmation. Neither the plan, nor the order of confirmation, nor the Federal Rules of Bankruptcy Procedure set a deadline for filing objections to claims. Furthermore, in Chapter 11 cases generally, objections to claims are not required to be filed prior to confirmation of a plan. *See, e.g., Council of Apartment Owners of Bellaire House Condominiums, Inc. v. Yentis (In re Yentis),* 125 B.R. 158, 162 (N.D.Tex.1991); *In re Kula,* 107 B.R. 225, 226 (Bankr.D.Neb. 1989).

■ Mr. Ellenberg's second argument is that Stephenson's objection on the merits should be barred by the doctrine of *laches*. Mr. Ellenberg argues that too much time has passed, and that he does not have the books and records he needs to prove his claim. This may be so, but the undisputed facts demonstrate that *laches* will not apply here. Stephenson is not responsible for the delay between the filing of the Midland case and the appointment of Mr. Ellenberg as a trustee. Nor has Mr. Ellenberg explained why Midland's counsel or the trustee did not bring his claim to Stephenson's attention at an earlier time. At the February 21, 1996 hearing on this objection, counsel for Mr. Ellenberg stated that when he came in as Chapter 11 trustee (which would have been in late March of 1994), he reviewed the schedules and the Stephenson plan and determined that Midland was entitled to 25% of its unsecured claim. The plan provided that payments were to begin on the first day of the first month following the date on which the confirmation order becomes final. Thus, payments were to begin on September 1, 1993.

Counsel for debtor Stephenson announced at the hearing on this matter that the first

time he had notice of a claim by Mr. Ellenberg was when he received a letter from Mr. Ellenberg requesting payment in May of 1995. The delay between September 1, 1993 and May of 1995 cannot be attributed to Stephenson. Counsel considered the request for payment between May and December of 1995, when Stephenson filed an objection. This seven-month delay is not unreasonable. Finally, the delay between the filing of the objection in December of 1995 and the present time is due to the four extensions of time which the parties sought *jointly*. Accordingly, the doctrine of *laches* cannot apply here, and the objection must be resolved on the merits.

 Reaching the merits of the objection, Stephenson has presented undisputed facts showing a proper setoff. Stephenson had filed a proof of claim in the Midland bankruptcy for $1,379,505.17. Although Stephenson assigned some portions of the claim to Nations Bank, Stephenson retains a claim in excess of $680,000.00. The claim by Mr. Ellenberg against Stephenson is in the amount of $104,208.00. Stephenson is entitled to exercise its right of setoff, and Midland does not have an allowable claim against Stephenson.

Stephenson argues, in the alternative, that Mr. Ellenberg's claim is a compulsory counterclaim which should have been asserted in the Superior Court action and cannot now be raised in the instant bankruptcy case. Stephenson contends that Mr. Ellenberg's claim against the debtor arose out of the construction of the Georgia Dome, and Midland should have asserted the claim in the Superior Court action in which the consent judgment was entered. The Court need not reach this issue, given the determination that the claim by Midland against Stephenson is offset by Stephenson's claim against Midland.

Accordingly, debtor's motion for summary judgment is GRANTED, Mr. Ellenberg's motion for summary judgment is DENIED, and the claim filed by Mr. Ellenberg as trustee of Midland is DISALLOWED.

IT IS SO ORDERED.